584 A.2d 410

**In re Condemnation of the Property of the Estate of Paul Ciaffoni, Deceased, on Horne Boulevard in the City of Arnold, Westmoreland County, Pennsylvania by the Westmoreland County Housing Authority for Public Housing Purposes.**

**Appeal of Robert J. CIAFFONI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1990.

Decided Dec. 14, 1990.

Jay M. Apfelbaum, Pittsburgh, for appellant.

Robert L. Ceisler, Ceisler, Richman & Smith, Washington, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Robert Ciaffoni appeals an order of the Court of Common Pleas of Westmoreland County requiring him to pay counsel fees to the Estate of his father, Paul Ciaffoni, in the amount of $2,033.65. This order was entered as a result of this Court's remand pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure (Rule 2744), to impose counsel fees as a result of Ciaffoni's frivolous appeal. Of the $2,033.65, $448.20 [1] was for costs incurred by the Estate

1. The award of fees and costs of $448.20 was composed of $292.00 in counsel fees and $156.20 as cost for a transcript of the April 15, 1988 hearing.

as a result of the frivolous appeal, and $1,585.45 [2] as additional counsel fees and costs the Estate incurred as a result of its effort to recover the Rule 2744 imposed fee.

This appeal arises out of one of the many cases between Robert Ciaffoni (Ciaffoni) and the Estate of Paul Ciaffoni (Estate). This particular skirmish began in August, 1986, when the Court of Common Pleas of Westmoreland County awarded reasonable counsel fees to the Estate to be paid by Ciaffoni because Ciaffoni's conduct during the underlying eminent domain proceeding was vexatious and dilatory.[3] In June, 1987, this court on appeal upheld the trial court's decision,[4] finding that the protracted litigation caused by Ciaffoni was dilatory and vexatious and remanded the case to the trial court to determine the amount of counsel fees owed to the Estate. On May 9, 1988, after conducting two evidentiary hearings, the trial court ordered Ciaffoni to pay counsel fees and costs to the Estate in the amount of $5,366.00. Ciaffoni appealed the May 9, 1988 trial court order.

In March, 1989, this court quashed an appeal by Ciaffoni from the award of counsel fees to the Estate, finding that the court was unable to conduct a meaningful review of the case because of material defects in the brief submitted by appellant Ciaffoni, who had proceeded pro se. *In re Condemnation of the Property of the Estate of Paul Ciaffoni*, 124 Pa.Commonwealth Ct. 407, 556 A.2d 504 (1989). As requested by the Estate, this court, pursuant to Pa. R.A.P. 2744,[5] awarded further costs to the Estate, relinquished

2. The award of $1,585.45 for counsel fees to collect the counsel fees is composed of $1,259.85 in counsel fees and $325.60 as cost for the transcript of the May 8, 1989 hearing.

3. 42 Pa.C.S. § 2503(7) provides that a litigant shall be entitled to reasonable fees as a sanction against another litigant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

4. *See Appeal of Ciaffoni* (No. 74 C.D.1986, filed June 15, 1987).

5. Pa.R.A.P. 2744 provides:
   In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including:
   (1) a reasonable counsel fee; and

jurisdiction and remanded the case to the trial court for a determination of the reasonable counsel fees incurred by the Estate on appeal. *Id.*

The Estate sought counsel fees and costs in the amount of $1,687.25, which included fees related to other matters involving the underlying proceeding but not to counsel fees incurred as a result of the appeal. After conducting an evidentiary hearing, rather than award the $1,687.25 in counsel fees and costs sought by the Estate, the trial court reduced that request and imposed $448.20 as reasonable counsel fees and costs incurred as a result of our order directing that counsel fees be imposed as a result of Ciaffoni's frivolous appeal. It disallowed the $1,239.05 in Estate counsel fees and costs incurred for matters unrelated to the appeal. The trial court, however, imposed $1,585.45 as reasonable counsel fees and costs that the Estate incurred in obtaining the $448.20 in counsel fees and costs for the frivolous appeal. Together, both fees awarded for fees and costs incurred as a result of the frivolous appeal and fees and costs to recover those fees, totalled $2,033.65. The instant appeal followed.

■ The main issue raised by Ciaffoni on appeal is that the trial court does not have the power pursuant to a Rule 2744 remand to award reimbursement for counsel fees and costs incurred in proceedings to recover counsel fees awarded as a result of his frivolous appeal. Ciaffoni argues that where, as here, there is a disagreement on the amount of fees that should be imposed, this will constitute a "chilling effect" on the party against whom fees are awarded. To challenge improper fees, he contends that, even if successful, the amount of the counsel fee that he would be charged with as a result of a proper challenge oftentimes would be

(2) damages for delay at the rate of 6% per annum in addition to legal interest,
if it determines that an appeal is frivolous or taken solely for delay, or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

more than the counsel fees he was challenging. He aptly illustrated his position by pointing out that through his challenge, he reduced the fee bill by $1,239.15, but as a result of his generally successful challenge, he incurred $1,538.40 in counsel fees.

In support of his argument, Ciaffoni cites the Superior Court decision in *American Mutual Liability Insurance v. Zion & Klein,* 339 Pa.Superior Ct. 475, 489 A.2d 259 (1985). In that case, a creditor appealed from an order awarding counsel fees to a garnishee who had to defend an attachment execution, which the court found the creditor had pursued in a vexatious manner. The trial court's award of counsel fees under 42 Pa.C.S.A. § 2503(7) was found not to be an abuse of discretion. In dicta, the Superior Court opined that an award of counsel fees is not *usually* intended to include reimbursement for fees and expenses incurred in proceedings to recover such fees under 42 Pa.C.S. § 2503,[6] and approved the award because it did not include such fees. *Id.*

While the Estate admits that the Superior Court in *American Mutual Liability* may have said it was discretionary for the trial court to award fees to recover fees, it contends that there is nothing which prohibits the court from awarding fees incurred in the proceeding which determines the amount of damages. The Estate then argues that Rule 2744 authorizes an award of fees because those fees arose as a direct result of this court's order imposing counsel fees. If counsel fees to recover counsel fees are not awarded, the Estate argues that a party against whom fees are being imposed will have an incentive to litigate the fees, forcing the injured party to incur even more counsel fees to recover counsel fees already awarded to him as a result of his adversary's frivolous or vexatious conduct. Because of this disincentive, it will not be worthwhile for the aggrieved party to even attempt to recover the fees in that the fees to recover the fees may well exceed the fee he can recover. If

---

**6.** Section 2503 awards counsel fees and costs as a result of frivolous conduct at the trial court level.

Ciaffoni's interpretation is adopted, the Estate argues that it would frustrate the purpose behind Rule 2744 to punish obdurate behavior and stop frivolous or vexatious appeals because the fees collectable may be significantly less than the fees expended to recover those fees.

Both Ciaffoni and the Estate have presented compelling reasons, as well as important policy considerations, as to why their respective interpretations of Rule 2744 should be adopted. We believe, however, that the Rule does not envision the "all or nothing" approach that either of their positions suggests, i.e., that a party receives all or none of the fees requested. The Rule, we believe, envisions a way that treats both parties fairly and alleviates both of the dangers that each perceives in the other's position, and, most importantly, allows Rule 2744 to act as a real deterrent to frivolous appeals.

Rule 2744 authorizes counsel fees as costs, including counsel fees "as may be just", to penalize a party for a frivolous appeal and to compensate his adversary for costs and delay in defending the frivolous appeal. Rule 2744 should be applied in such a way that the party awarded a fee as a result of a frivolous appeal should be "made whole" for all consequences of his adversary's frivolous conduct. Any counsel fees required to be expended as a result of that conduct should be paid by the party necessitating it, and the party awarded fees should not be required to expend any funds for counsel fees to recover court imposed fees.

This interpretation of the Rule is warranted for several reasons. First, it is obviously fair to grant a fee for time spent litigating to recover fees for which a party was awarded, since it was his or her adversary, the one guilty of the frivolous conduct, that made the fee litigation necessary. Secondly, fees are awarded against a party filing a frivolous appeal because of that party's abuse of the court process, which, in addition to having his adversary expend time and money defending the appeal, wastes the court's time and effort. By not allowing fees necessitated by a

proceeding to recover fees, oftentimes fees imposed by an appellate court would not be recovered because it would cost more to recover the fee than the fee that could be obtained, thereby frustrating the reason for the Rule.

The principle that fees awarded to recover fees are proper has been adopted in enforcement of the federal rules that sanction conduct as a result of unreasonable conduct.[7] In imposing fees as reimbursement for fees and expenses incurred in proceedings to recover fees awarded pursuant to 37(b) of the Federal Rules of Civil Procedure[8] which sanction a party's frivolous and obdurate conduct, the Seventh Circuit in *Tamari v. Bache and Co.*, 729 F.2d 469, 475 (7th Cir.1984), explained the rationale behind such awards as:

> We conclude that awarding appellate expenses to Bache is consistent with the mandate of Rule 37(b). The Rule awards expenses "caused by the failure" of the disobedient party to comply with a court order. Bache's appellate costs essentially were caused by the Tamaris' and the Firm's failure to comply with the court's original deposition deadline. When the Firm chose to appeal the court's imposition of the Rule 37(b) sanction, it caused Bache to incur additional expenses in order to defend the court's sanction. See also *Aerwey Laboratories, Inc. v. Arco Poloymers, Inc.*, 90 F.R.D. 563, 565–66 (N.D.Ill.1981) (Rule 37(a) sanctions "should encompass all expenses,

7. Rule 38 of the Federal Rules of Appellate Procedure provides that federal appeals courts can award counsel fees for frivolous appeals. It affords federal appeals court plenary jurisdiction to penalize one who takes a frivolous appeal and compensate his adversary for the delay and expense in defending the appeal. *Burlington Northern Railroad Company v. Woods*, 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). Neither notice to the party against whom fees and costs are assessed nor is a hearing required as to the reasonableness of the fees required. *Sun Tek Industries, Inc. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254 (1989). Because there is no process needed to collect the counsel fees because it is done in a plenary fashion by a federal appeals court, it does not correspond to state appellate practice of remand to the trial court to determine counsel fees, and, accordingly, can offer no guidance in this situation.

8. Rule 37(b) states in part that a court "shall require the party failing to obey the order or the attorney advising him or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified ..."

whenever incurred, that would not have been sustained had the opponent conducted itself properly.").

In addition, an important policy consideration weighs heavily in favor of awarding appellate expenses to Bache. Requiring a party to bear these costs could offset substantially the very award that the party had obtained. This would create a disincentive for seeking sanctions in the first place and thus undermine the purpose behind Rule 37(b).

*See also Gorenstein Enterprise v. Quality Care U.S.A.,* 874 F.2d 431 (7th Cir.1989), imposing counsel fees to recover counsel fees imposed under Federal Rules of Civil Procedure 11;[9] *Westmoreland v. C.B.S., Inc.,* 770 F.2d 1168 (D.C.C.A.1985), allowing counsel fees incurred on appeal to overturn a district court's denial of counsel fees under Fed.R.Civ.Pro.; *Ohio v. Arthur Andersen & Co.,* 570 F.2d 1370 (10th Cir.) *cert. denied,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

For those reasons, it is reasonable to compensate a party for time reasonably necessary to obtain a reasonable fee to recover the amount owed him as a result of an award of fees against his adversary for a frivolous appeal. Having said that, however, does not answer the question of what is time reasonably spent or what is a reasonable fee.

■ While Rule 2744 envisions that a party be reimbursed counsel fees for time spent recovering court awarded counsel fees, it does not extend to time spent attempting to be awarded fees which the Estate improperly requested. Counsel fees not reasonably expended to recover or determine the amount of court imposed fees, either because the time spent on appeal is excessive, redundant or otherwise

**9.** Rule 11 in relevant part provides:
> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

unnecessary, should be excluded from the fee request for the purpose of determining fees. The awarding of fees is to have one's adversary reimburse fees so that the injured party's attorney can properly bill that party. Accordingly, fees not properly billable to one's client are not billable to one's adversary merely because a court imposed the fees.

Here, because the Estate attempted to collect fees for matters that were unrelated to the appeal fees, the Estate was awarded $448.20 out of $1,687.35 in counsel fees and costs it was requesting.[10] The trial court, however, awarded all counsel fees and costs incurred for preparing, attending and briefing the May 8, 1989 counsel fee proceeding, even though a majority of the time claimed and presented at the hearing was for matters unrelated to such costs it incurred defending Ciaffoni's frivolous appeal, for which the Estate was unsuccessful in recovering. We believe that the Rule did not envision that such a result would be "just" because such a result would award fees not reasonably necessary to collect the fees awarded pursuant to Rule 2744. While there may be occasions where this method may not be appropriate because of the complexity of the issues involved, we believe that in ordinary counsel fee hearings, the trial court should reimburse fees to recover fees in the same proportion as that party recovered the fees that are in dispute as a result of the Rule 2744 order.[11] In

10. No petition was filed by the Estate prior to the hearing setting forth the amount of fees sought. When fees and costs are imposed pursuant to Rule 2744, a fee petition must be filed setting forth an itemized bill with hours spent, by whom, the nature of the work involved, as well as the hourly rate. The party being charged with the attorney's fees and costs must then file an answer to the petition, specifically setting forth the items that he believes are not properly chargeable. If necessary, a hearing is then held on the disputed items. This gives the parties notice, as well as limiting the hearing to matters in dispute.

11. This approach is a simplified version of the approach taken in Section 1988 fee requests, 42 U.S.C. § 1988, on prevailing Section 1983 cases, 42 U.S.C. § 1983, by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), where the Supreme Court adopted an approach that a person was entitled to counsel fees only on time spent on "issues" where he or she was successful. While we could adopt a similar approach to Rule 2744 counsel fees, a pure proportioned mathematical approach, i.e., award counsel fees to collect disputed fees to the same degree that you prevail, is warranted

doing so, we will then make whole those who are awarded fees, but yet impose no penalty on those against whom fees are awarded. Applying this principle to this case, the Estate obtained only 19% of the counsel fees they were requesting ($1,531.15),[12] and accordingly, they should receive only 19% of the fees [13] incurred to obtain fees incurred as a result of Ciaffoni's frivolous appeal, or $239.37, plus costs incurred.[14]

■ As to those costs, Ciaffoni claims that the trial court erred by charging him with the cost of the May 8, 1989 evidentiary hearing transcript. He contends that because the transcript was requested on the same day as the hearing and before this appeal was taken, it was unnecessary to the determination of the award. We disagree. The trial court directed the parties to submit memorandums of law, twenty days after the hearing, explaining their respective positions as to appropriate fees and costs. (R.R. 168a). Therefore, a copy of the transcript arguably would be needed by counsel for the Estate in the preparation of the court ordered memorandum of law. *Westinghouse Electric v. Board of Assessment Appeals*, 72 Pa.Commonwealth Ct. 199, 456 A.2d 694 (1983). We find then that the trial court did not abuse its discretion when it included the evidentiary hearing transcript as a cost taxable to Ciaffoni.

Accordingly, we will enter an order requiring Ciaffoni to pay the Estate $1,012.77 in counsel fees and costs as a

because the time being spent on fees is usually directly proportional to the amount of money involved on that particular item of counsel fees.

12. The $1,531.15 was derived by subtracting the transcript cost of $156.20 from the total request for counsel fees and costs of $1,687.35.

13. Ciaffoni also asserts that none of the charges for work performed by an employee of the Estate to separate hours worked on the appeal were not properly chargeable as counsel fees. Ciaffoni argues that this amount should not be charged because it was not performed by an attorney. Counsel fees include more than work performed by an attorney; they also include costs incurred by the attorney from outside sources, as well as other professionals and paraprofessionals within his office who are now separately billed. *See Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

14. Record costs should be fully reimbursed as long as any counsel fees are awarded and not at the proportional amount.

result of the Rule 2744 order. Of that amount, $531.37 is for counsel fees ($292.00 associated with the original appeal and $239.37 for fees incurred in the fee hearing) and $481.40 in costs ($156.20 for the April 15, 1988 hearing transcript and $325.60 for the May 8, 1989 hearing transcript).

## ORDER

AND NOW this 14th day of December, 1990, the order of the Court of Common Pleas of Westmoreland County is modified by reducing the amount of counsel fees and costs Robert J. Ciaffoni is to pay the Estate of Paul Ciaffoni to $1,012.77.