629 A.2d 229

**Guido SAMPAOLO and Rosalie Bucci Sampaolo, Appellants,**

**v.**

**CHELTENHAM TOWNSHIP ZONING HEARING BOARD and the Township of Cheltenham, and Edward Gordon and Star Plumbing and Heating Company.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided July 15, 1993.

Alfred O. Breinig, Jr., for appellants.

Richard A. Kessler, for appellees, intervenors.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

COLINS, Judge.

Guido Sampaolo and Rosalie Bucci Sampaolo (Sampaolo) appeal from an order of the Court of Common Pleas of Montgomery County (Common Pleas) awarding attorney's fees to Edward Gordon and Star Plumbing (Gordon) pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure (Rule 2744).[1]

1. Rule 2744 provides, in pertinent part:
   [A]n appellate court may award as further costs damages as may be just, including
   (1) a reasonable counsel fee and
   (2) damages for delay at the rate of 6% *per annum* in addition to legal interest,
   if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be

This action began as a zoning matter regarding Gordon's proposal to build two single homes on a plot of property which adjoined Sampaolo's property. Gordon prevailed before the Cheltenham Township Zoning Board (Board) and was authorized to build on the property. Sampaolo appealed to Common Pleas for review of the Board's decision. Common Pleas determined that Sampaolo's appeal was frivolous and for the purpose of delaying Gordon's construction, and ordered Sampaolo to post a bond as a condition of proceeding with the appeal. Sampaolo failed to post a bond, and Common Pleas dismissed the appeal.

Sampaolo filed a first appeal to this Court, but we affirmed Common Pleas' dismissal of Sampaolo's appeal. Gordon then filed a motion in this Court for counsel fees pursuant to Rule 2744, alleging that Sampaolo's appeal was frivolous and for the purpose of delay. We granted Gordon's motion for counsel fees and remanded to Common Pleas to determine the amount of counsel fees and damages that Gordon should be awarded. After an evidentiary hearing, Common Pleas awarded counsel fees, interest on money tied up during litigation, and other costs totalling $22,800. The breakdown of the amount awarded was as follows:

| | |
|---|---|
| Legal fees | $10,700.00 |
| Fixed costs | 8,150.00 |
| Interest on lost profit | 2,700.00 |
| Interest at @ 6% | 1,300.00 |
| TOTAL | $22,800.00 |

Sampaolo appealed a second time to this Court. We ruled, in a published opinion by Judge Pellegrini,[2] that Common Pleas erred, because it could not award counsel fees for services rendered prior to the appeal to this Court; nor could it award fixed costs or interest on money tied up during the

imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

2. *Sampaolo v. Cheltenham Township*, 141 Pa.Commonwealth Ct. 511, 596 A.2d 287 (1991).

litigation. The matter was remanded a second time to Common Pleas for the purpose of recalculating the counsel fees awardable from the time of Sampaolo's first appeal to this Court. Common Pleas determined that legal fees incurred by Gordon in fighting the first appeal amounted to $4,405, the net result being that Sampaolo's second appeal reduced the initial award of $22,800 by 80.7%.

In addition to the award of $4,405 in counsel fees, Common Pleas determined that Gordon incurred an additional $10,-826.50 in fees while contesting Sampaolo's second appeal and awarded Gordon 100% of this amount as counsel fees. Common Pleas also awarded Gordon $366.98 for costs that Gordon incurred during Sampaolo's second appeal, making the total award:

| | |
|---|---|
| Legal fees (1st appeal) | $ 4,405.00 |
| Legal fees (2nd appeal) | $10,826.50 |
| Costs (2nd appeal) | $ 366.98 |
| TOTAL | $15,598.48 |

The award of $10,826 in legal fees for the second appeal is the subject matter of Sampaolo's present, third appeal to this Court. The issue presented by Sampaolo is whether Common Pleas erred when it awarded Gordon $10,826.50 for legal fees incurred during the second appeal.

This Court addressed the issue of what counsel fees should be reimbursed for time spent recovering court awarded counsel fees under Rule 2744, in *Appeal of Ciaffoni,* 136 Pa.Commonwealth Ct. 645, 584 A.2d 410 (1990). In *Ciaffoni,* we held that Rule 2744 permits a party to be reimbursed for counsel fees for time spent recovering court awarded counsel fees, but the rule does not extend to time spent attempting to collect fees which were improperly requested. We devised a formula where "in ordinary counsel fee hearings, *the trial court should reimburse fees to recover fees in the same proportion as that party recovered the fees that are in dispute as a result of the Rule 2744 order." Id.* at 653, 584 A.2d at 415 (emphasis added).

The first issue raised by the parties is whether *Ciaffoni* applies to the present case. Sampaolo asserts that *Ciaffoni* should apply, because in both cases the trial court awarded 100% of counsel fees to collect counsel fees, even though the initial counsel fees were only a small percentage of the fees sought by the prevailing party. We agree, because *Ciaffoni* contained a similar fact situation and addressed the exact legal question presented in this case.

Gordon argues that *Ciaffoni* is not applicable to the instant case, because in *Ciaffoni* this Court stated that "there may be occasions where this [percentage] method may not be appropriate because of the complexity of the issues involved...." *Id.* Gordon states generally that the formula adduced in *Ciaffoni* is not appropriate in this case but does not offer any facts to support this position. As a result, this argument must fail.

The next question raised is how the formula in *Ciaffoni* should be applied to the present case. Sampaolo argues that Gordon is only entitled to 19.3% of the $10,826.50 award because Sampaolo's second appeal successfully reduced the counsel fees from the first appeal by 80.7%. In the first counsel fee contest Common Pleas awarded $22,800 in fees and costs to Gordon, but after Sampaolo appealed, the award was reduced to $4,405, or 19.3% of the original $22,800 award. Therefore, Sampaolo argues, applying the *Ciaffoni* formula to the present case, Gordon should get only $2090, or 19.3% of the $10,826 in fees he is seeking.

Conversely, Gordon's position is that even if *Ciaffoni* applies to this case, he is still entitled to the full $10,826.50 awarded by Common Pleas as counsel fees. Gordon maintains that the fees, interest, and costs that this Court disallowed in the second appeal (a total of $18,395) are irrelevant to this matter. Ultimately, Gordon argues, Common Pleas determined on remand that counsel fees for the first appeal to this Court amounted to $4,405 and awarded him 100% of that amount as counsel fees. Therefore, Gordon argues, in order to make him whole for Sampaolo's abuse of the legal system, he is entitled

to 100% of the $10,826 in fees he incurred during Sampaolo's second appeal. We disagree.

The method Gordon suggests for applying the formula misses the whole purpose of the formula that was stated in *Ciaffoni:*

> While Rule 2744 envisions that a party be reimbursed counsel fees for time spent recovering court awarded counsel fees, it does not extend to time spent attempting to be awarded fees which the [party] improperly requested. Counsel fees not reasonably expended to recover or determine the amount of court imposed fees, either because the time spent on appeal is excessive, redundant or otherwise unnecessary, should be excluded from the fee request for the purpose of determining fees.

*Id.* at 652–653, 584 A.2d at 414. *Ciaffoni* clearly intended to ensure that a party receives only the counsel fees necessary to obtain fees properly requested. In the present case, Sampaolo should not have to compensate Gordon for the unnecessary work performed by Gordon's attorneys in Gordon's attempt to receive fees, interest, and costs that he was not entitled to receive.

Accordingly, this Court holds that Gordon is entitled to $2,090.00 or 19.3% of the $10,826.50 awarded by Common Pleas, for counsel fees Gordon incurred while litigating Sampaolo's second appeal. Gordon's previously awarded counsel fees of $4,405 and Gordon's costs of $366.98 shall remain in full.[3] The order of Common Pleas will be modified to reflect these amounts.

## ORDER

AND NOW, this 15th day of July, 1993, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is modified by reducing the amount of counsel fees and costs Guido Sampaolo and Rosalie Bucci Sampaolo

---

**3.** Gordon's costs are awarded in full consistent with *Ciaffoni,* which held that record costs should be fully reimbursed as long as any counsel fees are awarded.

must pay to Edward Gordon and Star Plumbing and Heating Company to $6,861.98.