Charles A. DURKIN

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA- TION, BUREAU OF DRIVER LI- CENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 24, 2004.
Decided Nov. 29, 2004.
Publication Ordered Feb. 22, 2005.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for Appellant.

J. Michael Farrell, Philadelphia, for appellee.

BEFORE: McGINLEY, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals from an order of the Court of Common Pleas of Delaware County that directed J. Michael Farrell, Esquire, to pay the Department the sum of one thousand four hundred eighty-six dollars and twenty-five cents ($1,486.25) in reasonable counsel fees and costs, pursuant to a remand order issued by this court.

On April 15, 2002, Charles A. Durkin, who was represented by Attorney Farrell, appealed the Department's one-year suspension of his operating privilege, which was imposed pursuant to the Driver's License Compact, 75 Pa.C.S. § 1581, due to Durkin's New Jersey conviction for driving while intoxicated. Common pleas dismissed Durkin's statutory appeal, and, on further appeal to this court, we affirmed common pleas' decision. Moreover, because we determined that the appeal was "frivolous and that counsel's lack of candor to the court amounts to obdurate and vexatious conduct[,]" *Durkin v. Department of Transportation, Bureau of Driver Licensing (Durkin I)* (Pa.Cmwlth. No. 2416 C.D.

2002, 823 A.2d 289 filed May 7, 2003), slip op. at 5, we granted the Department's request for counsel fees pursuant to Pennsylvania Rule of Appellate Procedure 2744[1] and remanded the case to common pleas "for the calculation and award of reasonable attorney's fees and costs, to be assessed against counsel for appellant." *Durkin I* Order (dated May 7, 2003). Pursuant to our order in *Durkin I,* the Department filed its bill of costs with common pleas on May 21, 2003.

On remand, common pleas held hearings on both July 8, 2003 and July 29, 2003. At the July 29 hearing, Attorney Farrell stipulated to the reasonableness of the Department's bill of costs totaling $1,486.25, although he believed that he should not be responsible for those costs because Durkin's appeal to this court was not frivolous. The Department also sought payment for the supplemental fees and costs that it incurred by, *inter alia,* attending the July hearings in an attempt to get paid. On December 16, 2003, common pleas ordered Farrell to pay the Department $1,486.25 as counsel fees and costs within thirty days of notice of the order. Farrell did indeed submit a check to the Department in that amount.

On December 22, 2003, Attorney Farrell appealed to this court from common pleas's order, which appeal was docketed at 2793 C.D. 2003.[2] On December 29, 2003, the Department filed its cross-appeal, which was docketed at 2835 C.D. 2003. The matters were consolidated, but this court dismissed the appeal docketed at 2793 C.D. 2003 due to the designated appellant's failure to file a brief. Currently, then, the only matter for our consideration is the Department's cross-appeal from common pleas' order awarding counsel fees and costs in an amount that merely reflects the sum requested in the bill of costs, which did not include the fees and costs sought as a result of counsel's attendance at the two hearings.

In *Appeal of Ciaffoni,* 136 Pa.Cmwlth. 645, 584 A.2d 410, 413 (1990), this court stated:

> Rule 2744 authorizes counsel fees as costs, including counsel fees "as may be just", to penalize a party for a frivolous appeal and to compensate his adversary for costs and delay in defending the frivolous appeal. Rule 2744 should be applied in such a way that the party awarded a fee as a result of a frivolous appeal should be "made whole" for all consequences of his adversary's frivolous conduct. Any counsel fees required to be expended as a result of that conduct should be paid by the party necessitating it, and the party awarded fees should not be required to expend any funds for counsel fees to recover court imposed fees.

We further explained that "[c]ounsel fees not reasonably expended to recover or determine the amount of court imposed fees, either because the time spent on appeal is excessive, redundant or otherwise unnecessary, should be excluded from the fee request for the purpose of determining

1. Pa. R.A.P. 2744 provides:
   > In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
   > (1) a reasonable counsel fee and
   > (2) damages for delay at the rate of 6% per annum in addition to legal interest,
   > if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

2. Charles Durkin was designated as appellant in that appeal.

fees." *Id.* at 414. We then clarified that, while this method may not always work because some issues will be more complex than others, *"in ordinary counsel fee hearings, the trial court should reimburse fees to recover fees in the same proportion as that party recovered the fees that are in dispute as a result of the Rule 2744 order."* *Id.* at 415 (emphasis added). *See also Sampaolo v. Cheltenham Township Zoning Hearing Bd.,* 157 Pa.Cmwlth. 164, 629 A.2d 229 (1993).

The Department asserts that it is entitled to collect one hundred percent of the additional fees and costs that it incurred in collecting the counsel fees and costs awarded by this court in *Durkin I*; therefore, common pleas abused its discretion in refusing to compensate it for such additional costs.[3] Farrell, on the other hand, argues that he did not contest the Department's bill of costs, and that "[t]he Department cannot prepare and file a bill of costs which is not opposed, file a Motion for Leave to Conduct Discovery, and bring in witnesses to establish the accuracy and reasonableness of fees which were not contested and then seek to collect additional

fees for this additional time." Farrell's brief at 4.

We would agree if, in fact, Attorney Farrell's representation of these events is actually what occurred. However, at the July 8, 2003 hearing before common pleas on the Department's discovery motion, which hearing was a precursor to the remand hearing to be held before common pleas on July 29, Attorney Farrell's associate, Henry Schober, who argued the case on Farrell's behalf, did not state that Farrell intended to pay the monies outlined in the Department's bill of costs. This is true even though Marc A. Werlinsky, one of the attorneys for the Department, stated: "[H]ere's the problem. If we have this hearing on the 29th, there will be attorneys coming down from Harrisburg and the meter is still running. It's running today. It will be running on the 29th." Notes of Testimony (N.T.), Hearing (dated July 8, 2003) at 13–14. Moreover, while at the July 29 remand hearing, Attorney Farrell did not contest the exact amount of fees and costs sought by the Department in its bill of costs, he did maintain that these fees and costs were not his responsibility.[4] Further, Attorney

---

**3.** Notably, in its opinion following the issuance of its order, common pleas stated:

There is no question that authority existed to support granting the Commonwealth's request to award counsel fees for time expended attempting to recover fees and costs which were awarded.... [S]ince Mr. Farrell ultimately, although belatedly, stipulated to the reasonableness of counsel fees, this Court exercised its discretion not to set the counsel fee award at the full amount requested by the Commonwealth. While it is submitted that the exercise of discretion in setting the reasonable fee amount at $1,486.25 was appropriate under the circumstances presented to the Court, Mr. Farrell's subsequent action in now appealing from an Order in that stipulated amount, makes this Court see the merit in the Commonwealth's request for an additional award of fees and costs.

*Dep't of Transp. v. Durkin* (C.P. Del. Cty. No. 02–4511, filed January 13, 2004), slip op. at 3–4.

**4.** For example, the record reflects the following exchange:

THE COURT:
   Mr. Farrell has agreed to everything except the additional time that you're trying to put on. He agrees to the reasonableness of the fee charged of this gentlemen [sic], his expertise, his position ...
   ....
MR. FARRELL:
   I even agree to what he says is what the time is. I just don't agree that I'm responsible for it. So if we just—if he just outlines on the record, I'm not going to cross examine him.
   ....
THE COURT:

Farrell acknowledged that the Department had been willing to accept less money than the sum listed in the bill of costs, but he did not pay even this lesser amount.[5] And, of course, Attorney Farrell's argument that he did not contest the Department's bill of costs is illogical inasmuch as he filed an appeal in this court from common pleas's award of such fees and costs.

Because common pleas awarded the Department the full amount of counsel fees and costs that were listed in its bill of costs, the court abused its discretion when it failed to reimburse the Department for any of its reasonable fees incurred in recovering the monies listed in said bill. *Sampaolo; Appeal of Ciaffoni.* Accordingly, the order of common pleas is reversed in part, and the case is remanded for an additional award to the Department of the reasonable fees and costs incurred in collecting the amount set forth in the bill of costs, filed pursuant to this court's order in *Durkin I.* The order of common pleas is affirmed in all other respects.

### ORDER

AND NOW, this 29th day of November, 2004, the order of the Court of Common Pleas of Delaware County is hereby AFFIRMED in part and REVERSED AND REMANDED in part. The order is REVERSED to the extent that common pleas failed to award the Department the additional reasonable fees and costs incurred in collecting the amount set forth in the bill of costs, and the case is REMANDED for calculation of an additional award based upon consideration of a supplemental bill of costs to be filed by the Department. Common pleas' order is AFFIRMED in all other respects.

Jurisdiction relinquished.

---

He's already agreed to the reasonableness of the fees. I think. Haven't you, Mr. Farrell?
MR. FARRELL:
Yes, Your Honor, multiple times.
THE COURT:
He's agreed to the reasonableness of the fees. He's not questioning the fees chargeable to Mr. Edwards of $125, to Mr. Wile of $150, nor to Mr. Cramer, $175. He's just taking the position he should not have those imposed against him.

N.T., Hearing (dated July 29, 2003) at 44–46.

5. Attorney Farrell stated in this regard:

Your Honor, they made a demand, you know, and I rejected it. $1,100 of the $1,486, and I rejected it. I mean, there was no movement, otherwise. If your Honor is curious, I mean, you know, it was open to the extent that that reflects any openness.

N.T., Hearing (dated July 29, 2003) at 47.