J-A07007-17
J-A07008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARMEN L. CORTES | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| ANTHONY CORTES | | |
| Appellee | | No. 1413 WDA 2016 |

Appeal from the Order August 22, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No(s): 97-002377-008

| | | |
|---|---|---|
| CARMEN L. CORTES | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| ANTHONY CORTES | | |
| Appellant | | No. 611 WDA 2016 |

Appeal from the Order April 18, 2016
In the Court of Common Pleas of Allegheny County
Family Court at No(s): 97-002377-008

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 23, 2017**

Anthony Cortes ("Husband") appeals from the order entered on April

18, 2016 which awarded Carmen L. Cortes ("Wife") attorney's fees.  Wife

---

* Retired Senior Judge assigned to the Superior Court

appeals from the order entered on August 22, 2016 which awarded her

retroactive child support. We affirm both orders.

A prior panel of this Court detailed the factual background and

procedural history of this case as follows:

> [Husband and Wife] married in 1980. Four children were born of the marriage, all of whom are emancipated. The couple separated in 1997, just after moving from Allegheny County. Wife moved to Texas with her four small children after separation, filing for support in Allegheny County before leaving. Wife was assessed a zero earning capacity and Husband was assigned an earning capacity of $1[,]900.00 per month based on his previous income. An unallocated support award was entered in August of 1997 for $1,138.00 monthly, in favor of [W]ife and children.
>
> Husband filed for divorce in Texas, Wife's domicile, and the parties were divorced on January 4, 2000. The Texas divorce decree reads, in pertinent part: "The court finds that it has jurisdiction of this case except for issues regarding child and spousal support of which the Court[] of Common Pleas of Allegheny County, Pennsylvania has continuing and exclusive jurisdiction." Texas does not have alimony.
>
> Husband was hired by the Milton Hershey School in August of 1998, mere months after the entry of the initial award and earned $19,355.70 for the period of August 1998 through December [] 1998. He never informed the [trial c]ourt or Wife of this substantial change in income. His income increased steadily after entry of the award but, again, he never notified the [trial c]ourt or Wife. By 2000, his income from the school was $59,790.76, by 2002, his income was $71,722.96 annually and by 2010, his income was over $100,000.00. He still never informed the [trial] court, and, therefore, the amount of support remained the same. The children became emancipated one by one, but neither party moved for modification or review of the award. Then, in March of 2012, when the youngest of the four children was approaching emancipation, Husband filed to terminate support.

On July 10, 2012, Wife, still represented by her original counsel, registered the Texas divorce decree in Allegheny County. On July 12, 2012, she filed a petition raising claims for alimony and [attorney's] fees as well as filing for modification of the support order, retroactive to 1999. Husband's petition to modify (terminate) support and Wife's petition raising claims, as well as Husband's [m]otion to [s]trike Wife's petition raising claims were consolidated. [On March, 19, 2014, the trial court granted Wife retroactive child support in the amount of $54,000.00, terminated Husband's future child support obligation, denied Wife's request for alimony, and denied Wife's request for attorney's fees.]

*Cortes v. Cortes*, 133 A.3d 63, 2015 WL 6667555, *1–2 (Pa. Super. 2015) (unpublished memorandum) (internal alterations, footnotes, and ellipsis omitted).

Wife appealed, challenging, *inter alia*, the denial of her request for attorney's fees. Although the panel affirmed the majority of the trial court's rulings, it reversed the denial of Wife's request for attorney's fees and remanded "for recalculation of Husband's support obligation taking into account the tax consequences of the federal dependency exemptions taken by Husband for the children for years 1999[-] 2012, and for the determination of an attorney['s] fee award in favor of Wife on her claim for retroactive child support." *Id.* at *8.

Upon remand, Wife requested an upward deviation from the revised retroactive child support calculation. The trial court denied that request and awarded Wife retroactive child support taking into account the tax consequences of the federal dependency exemptions taken by Husband for the children for years 1999-2012. Wife appeals from this order. The trial

- 3 -

J-A07007-17
J-A07008-17

court also awarded Wife attorney's fees incurred in litigating her claim for

retroactive child support, including sums expended during the prior appeal.

Husband appeals from this order.[1]

Wife raises one issue for our review:

Did the trial court err in refusing to consider any deviations from the guidelines in calculating [Husband's] retroactive support obligation?

Wife's Brief at 4.

Husband raises three issues for our review:

1. Whether the trial court erred and abused its discretion in allowing [Wife] to make a claim for additional attorney's fees incurred on appeal where one of the issues on appeal was the denial of an award of attorney[']s fees, thus allowing [Wife] to claim attorney[']s fees incurred in seeking attorney[']s fees on appeal[?]

2. Whether the trial court erred and abused its discretion in allowing [Wife] to add additional claims and evidence for attorney[']s fees on remand beyond that originally presented and made part of the record in the underlying petition for retroactive child support which was the subject of the appeal and remand[?]

3. Whether the trial court erred and abused its discretion in awarding attorney[']s fees on remand without making findings as to what portion of the claimed attorney[']s fees were due to [Wife's] claim for retroactive child support originally presented and made part of the record in the underlying petition for retroactive child support[?]

Husband's Brief at 6 (complete capitalization omitted).

_____

[1] Husband, Wife, and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Wife's lone issue challenges the trial court's interpretation of this Court's remand order. Specifically, Wife claims that the trial court erred in refusing to consider, on remand, grounds for deviating from the support guidelines in calculating Husband's retroactive child support obligation. As this Court has the inherent authority to interpret its own orders, **see Commonwealth v. Shaffer**, 712 A.2d 749, 751 (Pa. 1998), we review the trial court's interpretation of our remand order *de novo* and our scope of review is plenary. When interpreting a "remand order, it is necessary to examine the context of the order." **Commonwealth v. Williams**, 877 A.2d 471, 476 (Pa. Super. 2005), *appeal denied*, 895 A.2d 1261 (Pa. 2006). After review, we conclude that deviation from the support guidelines was beyond the scope of our remand order.

In this case, both the plain language of the remand order and its context indicate that the prior panel of this Court remanded to the trial court for the limited purposes of determining Wife's fee award and recalculating the retroactive child support taking into account the tax consequences of the federal dependency exemptions taken by Husband for the children for years 1999-2012. Relevant to Wife's issue on appeal, the remand order used the word "calculate," which implies no discretion. **See Cortes**, 2015 WL 6667555 at *8. Moreover, the remand order did not state that the trial court was to undertake a complete review of its retroactive child support

award. Instead, the remand order only included instructions with respect to one specific item. *See id.*

The context of the prior panel's decision also supports our conclusion that the remand order was limited in scope. Specifically, this Court addressed each of Wife's challenges to the trial court's retroactive child support order and determined that the trial court did not err in those rulings (except with respect to the dependency exemptions). If this Court intended for the trial court to conduct a full review of the retroactive child support order, the prior panel would have addressed the dependency exemption issue, vacated the trial court's award, and declined to address Wife's remaining arguments because the slate would have been wiped clean by the vacatur of the retroactive child support award. Therefore, both the plain language of the remand order and the context of the prior panel's decision indicate that the trial court properly denied Wife a second chance to secure an award of retroactive child support in an amount greater than that calculated by the guidelines. As such, we affirm the trial court's August 22, 2016 order.

Similar to Wife's lone appellate issue, Husband's three appellate issues address the scope of this Court's remand order. Specifically, Husband argues that this Court's remand order did not permit Wife to recover attorney's fees incurred in litigating the retroactive support claim within the context of Wife's earlier appeal in this case. Therefore, Husband argues that

the trial court erred by permitting Wife to present updated evidence and by failing to differentiate between attorney's fees expended at the trial and appellate levels. As noted above, this Court has the inherent authority to interpret our own orders. **See Shaffer**, 712 A.2d at 751. Therefore, we review the trial court's interpretation of our remand order *de novo* and our scope of review is plenary.

We agree with Husband that both the plain language and context of the prior panel's remand order indicates that the prior panel did not award Wife attorney's fees pursuant to Pennsylvania Rule of Appellate Procedure 2744. Nonetheless, we conclude that the trial court had the authority to award Wife attorney's fees incurred during the first appeal pursuant to 23 Pa.C.S.A. § 4351.

In **Krebs v. Krebs**, 944 A.2d 768 (Pa. Super. 2008), this Court implicitly held that a trial court may award attorney's fees incurred during an appeal pursuant to section 4351 even if this Court declines to award attorney's fees pursuant to Rule 2744. In **Krebs**, the mother requested that this Court award her attorney's fees pursuant to Rule 2744 and/or section 4351. This Court denied the mother's request, "without prejudice to her right to seek similar relief from the trial court on remand." **Id.** at 778. This Court reasoned that it was "inclined to allow the trial court to consider the issue of [attorney's] fees on remand, an issue more appropriately referred to that court in the first instance." **Id.** Thus, in **Krebs** this Court held that the

- 7 -

trial court had the authority under section 4351 to award the mother attorney's fees she incurred during the appeal notwithstanding this Court's refusal to award attorney's fees under Rule 2744.[2]  In this case, the prior panel did not award attorney's fees under Rule 2744; however, that did not deprive the trial court of the authority to award such attorney's fees under section 4351.

Husband also argues that "fees on fees" is not permitted under Pennsylvania law.  It is well-settled, however, that fees on fees is permitted in this Commonwealth.  **See Sampaolo v. Cheltenham Twp. Zoning Hearing Bd.**, 629 A.2d 229, 231 (Pa. Cmwlth. 1993), *citing* **Appeal of Ciaffoni**, 584 A.2d 410, 414–415 (Pa. Cmwlth. 1990).[3]  Thus, the trial

---

[2] Husband attempts to distinguish **Krebs** by arguing that the trial court in this case did not find that he had fraudulently concealed his income.  **See** Husband's Brief at 12.  This argument is without merit.  Both the trial court and this Court found Husband fraudulently concealed his income.  **See Cortes**, 2015 WL 6667555 at *1, *quoting* Trial Court Opinion, 7/18/2014, at 1–2.

[3] The citation to **Ciaffoni** in Husband's brief cuts off the quote mid-sentence which makes it appear that the Commonwealth Court came to the opposite conclusion.  **See** Husband's Brief at 10.  As the Commonwealth Court recently stated:

> we remind counsel of Rule 3.3 of the Rules of Professional Conduct; while counsel certainly has a duty to pursue a favorable litigation strategy and make good faith arguments for an extension, modification[,] or reversal of existing law, the line between zealous advocacy and failure to adhere to counsel's duty of candor towards the tribunal is neither fine nor grey.

**Office of the Dist. Attorney of Philadelphia v. Bagwell**, 2017 WL 629458, *16 n.21 (Pa. Cmwlth. Feb. 16, 2017) (citations omitted).

court's fees on fees award in this case was consistent with Pennsylvania law.

As we conclude that the trial court had the authority under section 4351 to award attorney's fees incurred by Wife during her first appeal to this Court, the trial court *ipso facto* had the authority to permit Wife to supplement the record upon remand and did not need to specify which fees were awarded for proceedings before the trial court and which fees were awarded for proceedings before this Court. Accordingly, Husband is not entitled to relief on his three claims of error and we affirm the April 18, 2016 order awarding Wife $30,670.00 in attorney's fees.[4]

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

---

[4] We emphasize that Husband only challenges the trial court's **authority** to award such attorney's fees. He does not argue in the alternative that, even if the trial court possessed such authority, it abused its discretion in awarding this amount of attorney's fees. Thus, we do not reach the issue of whether the trial court abused its discretion in awarding attorney's fees in the amount of $30,670.00.

- 9 -