651 A.2d 228

**TOWNSHIP OF SOUTH STRABANE,**

v.

**Ferdinand W. PIECKNICK and Dorothy Piecknick, his wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided Dec. 1, 1994.

Reargument Denied Jan. 18, 1995.

628

Peter M. Suwak, for appellants.

Sherman H. Siegel, for appellees.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Ferdinand W. and Dorothy Piecknick (Landowners) appeal from the order of the Court of Common Pleas of Washington County that ordered Landowners to pay damages in the amount of $1,968.00, representing counsel fees, survey costs and filing fees.

On July 26, 1979, Landowners entered into a stipulation and order (Stipulation) with South Strabane Township (Township) to resolve a dispute concerning the zoning ordinance's application to a pre-existing non-conforming use of their property as a salvage and towing business. Landowners stipulated that they would conduct their business within boundaries which included a fifty-foot setback. However, Landowners failed to comply with the Stipulation.

The Township filed a Petition for a Rule to Show Cause why Landowners should not be held in contempt for failing to abide by the Stipulation. Hearings on the matter were held on November 9, 1992, April 26, 1993 and July 28, 1993. At the evidentiary hearing held on July 28, 1993, Landowners testified and the Township agreed, that the Landowners had as of that date complied with the Stipulation by removing all vehicles encroaching over the set back boundaries. However, based upon the testimony from the three hearings, the trial court found Landowners had been in contempt of the Stipulation because they:

> permitted junk vehicles to encroach over the operational lines established in paragraphs (1) and (2) of said order. Since the [Landowners] by the July 28, 1993 hearing had complied with the court's order and removed the vehicles, no fines [are] imposed. However, as a result of the [Landowners] contemptuous conduct, compensatory damages [are] ordered and awarded to [Township] in the amount of

$1,968.00, representing counsel fees, survey costs and filing fees (pursuant to this Court's July 28, 1993 order).
September 16, 1993 Trial Court opinion at 9.

■ On appeal to this Court,[1] Landowners argue that the trial court abused its discretion in awarding compensatory damages against them because not only had they purged themselves of the alleged contemptuous conduct but the basis for the imposition of damages was improper. Further, Landowners contend that the trial court erred in failing to consider the doctrines of laches or changes in law justifying the de minimis infraction of the Stipulation.

■ In this case of first impression, the trial court has awarded compensatory damages, including counsel fees, in a case where the alleged contemptuous conduct had already been purged.[2] 42 Pa.C.S. § 2503(7), provides that a litigant shall be entitled to reasonable fees as a sanction against another litigant for dilatory, obdurate or vexatious conduct during the pendency of a matter. Further, the right to punish for contempt is inherent in all courts. *Commonwealth v. Haefner,* 470 Pa. 392, 368 A.2d 686 (1977).

*Appeal of Ciaffoni,* 136 Pa.Commonwealth Ct. 645, 584 A.2d 410 (1990), analyzed this Court's authorization to award counsel fees under Pa.R.A.P. 2744. Rule 2744 authorizes fees as costs "as may be just" to penalize a party for a frivolous appeal and to compensate his adversary for costs in defending the frivolous appeal. We likened our Rule 2744 to Rule 38 of the Federal Rules of Appellate Procedure which allows federal appeals courts to award counsel fees for frivolous appeals. In *Ciaffoni,* we relied on federal cases which stand for the

1. Our Supreme Court has held that an appellate court has the authority to determine whether the findings of the trial court support its legal conclusions, but may only interfere with those conclusions if they are unreasonable in light of the trial court's factual findings. *Karis v. Karis,* 518 Pa. 601, 544 A.2d 1328 (1988).

2. The purpose of civil contempt is remedial, the judicial sanctions are employed not only to coerce compliance but in some circumstances to compensate the complainant for losses sustained. *Philadelphia Marine Trade Association v. International Longshoremen Association, Local Union No. 1291,* 392 Pa. 500, 140 A.2d 814 (1958).

proposition that sanctions should encompass all expenses, *whenever incurred,* that would not have been sustained had the opponent conducted itself properly. While we do not have an appeal here, we recognize that the Township incurred unnecessary expenses because Landowners did not comply with the Stipulation and thus, we hold that the trial court did not abuse its discretion in awarding counsel fees and costs.

■ Next, Landowners argue that the trial court improperly imposed costs in the amount of $800 for a survey. Following the November 9, 1992 hearing, the Court ordered a survey to be performed on Landowners' property, cost of which was to be absorbed by the Township. Landowners contend that because the trial court had previously ordered the Township to perform the survey that it could not later assess the cost of such survey to them. Landowners further contend that had the Stipulation been technically correct, no survey would have been necessary. We do not agree.

In *City of Pittsburgh v. Brunwasser,* 40 Pa.Commonwealth Ct. 197, 396 A.2d 907 (1979), we held that when a court has jurisdiction over the subject matter and parties and thus, the authority to enter a particular order, a party failing to abide by the terms of the order may be held for contempt despite any irregularity in the order. Thus, because Landowners were required to abide by the intent of the Stipulation, even if a technical error existed, and because 42 Pa.C.S. § 2503(7) gives the trial court the authority to impose remedial assessment, this argument also fails.

■ Next, Landowners assert that the trial court erred in failing to consider the doctrine of laches because the Township delayed for over thirteen years in attempting to strictly enforce the Stipulation. Again, we do not agree.

■ Unless there is an applicable statute of limitations which has been pleaded, mere delay in instituting contempt proceedings does not constitute a defense unless the delay is prejudicial to the contemnor or is unreasonable in its duration. *See* 7a P.L.E. Contempt § 33. Landowners did not introduce evidence that they were prejudiced in the delay. The evi-

dence presented, in fact, demonstrated that the parties attempted for some time to reach an amicable resolution but none could be established. Thus, laches does not apply here.

■ Finally, Landowners claim that changes in the law justified the de minimis infraction of the Stipulation. Landowners cite to our recent decision in *Piecknick v. South Strabane Township Zoning Hearing Board (Piecknick I)*, 147 Pa.Commonwealth Ct. 308, 607 A.2d 829 (1992), as the basis for the change in law. In that case, we held that the setback for the construction of additional garage space would be only forty yards. Landowners assert that this is a change in circumstance which should allow the de minimis infraction of the Stipulation. Again, we must disagree.

First, *Piecknick I,* concerned an application for construction of an additional garage and not the storage of junk cars. Second, the parties agreed to and stipulated to a fifty-foot setback in 1979. Thus, we hold Landowners have waived this argument in relation to this contempt proceeding.

Because trial courts have wide discretion in assessing damages in contempt cases, we hold that the trial court did not abuse its discretion in assessing compensatory damages here.

Accordingly, we affirm.

## ORDER

AND NOW, this 1st day of December, 1994, the order of the Court of Common Pleas of Washington County, in the above-captioned matter is hereby affirmed.

FRIEDMAN, J., concurs in the result only.