686 A.2d 1297

**TOWNSHIP OF SOUTH STRABANE, Appellee**

**v.**

**Ferdinand W. PIECKNICK, and Dorothy Piecknick, his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued March 5, 1996.

Decided Dec. 27, 1996.

552

Peter M. Suwak, Washington, for Ferdinand and Dorothy Piecknick.

Thomas A. Lonich, Washington, for Township of South Strabane.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## *OPINION*

NIGRO, Justice.

Ferdinand W. Piecknick and Dorothy Piecknick ("Landowners") appeal from the Order of the Commonwealth Court affirming the Court of Common Pleas of Washington County which ordered Landowners to pay damages to the Township of South Strabane ("Township") in the amount of $1,968.00, representing counsel fees of $1,150, survey costs in the amount of $800.00, and $18.00 in filing costs. The issue before this Court is whether the lower courts erred in ordering Landowners to pay counsel fees incurred by the Township without a

finding that Landowners engaged in dilatory, obdurate or vexatious conduct in the course of the proceedings. We conclude that the Commonwealth Court erred in affirming the trial court's award of attorney fees to the Township. Accordingly, we reverse. Landowners have owned and operated an automobile salvage business (Junkyard) in the Township since 1950. On or about November of 1974, a complaint in equity was filed by the Township, seeking injunctive relief to force Landowners to comply with Township Ordinance 7–65, which concerns the licensing and maintenance of junkyards within the Township. The initial proceeding was adjudicated by the Honorable George Hanna on or about November 20, 1974, who found that the Landowners were operating a junkyard in violation of Ordinance 7–65(g) [1] and granted injunctive relief until Landowners complied therewith.

Subsequently, on or about June 9, 1978, the Township filed a Rule to Show Cause why Landowners should not be held in contempt, alleging that Landowners refused to comply with Ordinance 7–65 and the court's order of November 20, 1974. The essence of the Township's complaint was that Landowners parked vehicles within a fifty (50) foot setback from the Township roadway fronting the Landowners' property, and that the vehicles impaired access for emergency vehicles and equipment.

On July 26, 1979, the parties, through counsel, resolved the matter by Agreement and Stipulation approved by Order of the trial court, setting forth the manner and parameters of how Landowners were to conduct their junkyard operations. Landowners stipulated that they would conduct their business within the boundaries which included a fifty-foot setback. The Stipulation and Order, in pertinent part, provided:

1. The defendants shall conduct their business only within the boundaries set by the width of their lot as measured by two telephone poles located at the front of said lot on

1. South Strabane Township Ordinance No. 7–65(g) provides:
   The premises to be licensed shall be set back a minimum distance of fifty feet from the right-of-way lines on all streets and roads, and shall be at all times, kept clear and vacant.

Panorama Drive, said width being 125 feet more or less. Except as hereinafter set forth the defendants shall not operate their business outside of the said side lines as measured by the telephone poles.

2. The defendant shall clear that portion of the said tract identified above lying within fifty (50) feet south of Panorama Drive, of all vehicles whether disabled, wrecked, or junked. The said fifty foot setback area shall be cleared of all junk vehicle parts, tires, and all other junk, debris, and trash of any kind. The defendants shall hereafter keep the fifty foot set back area completely clear and vacant except as hereinafter set forth. Defendants may provide an area within the fifty foot set back line limited to four (4) parking spaces for customers only. Customers may park vehicles there between the hours of 9:00 a.m. and 5:00 p.m. prevailing time on regular business days, so long as said junk vehicles are not disabled, wrecked, or junked. No vehicle may stand within the said set back area at any time between the hours of 5:00 p.m. and 9:00 a.m. prevailing time or at any time on other than regular business days.

In July of 1992, the Township again filed a Petition for a Rule to Show Cause why Landowners should not be held in contempt of the Stipulation and Order entered on July 26, 1979, alleging the Landowners had violated the Stipulation and Order by allowing vehicles to remain positioned within the fifty-foot set back line. Hearings on the issue were held on November 9, 1992, April 26, 1993 and July 28, 1993 in the Court of Common Pleas of Washington County. Prior to the hearing of July 28, 1993, Landowners complied with the 1979 Stipulation and Order and removed all vehicles which encroached over the setback boundaries. However, based upon the testimony from the three hearings, the trial court held the Landowners in contempt of the July 26, 1979 Order finding Landowners:

permitted junk vehicles to encroach over the operational lines established in paragraphs (1) and (2) of said order. Since the [Landowners] by the July 28, 1993 hearing had complied with the court's order and removed the vehicles,

no fines [are] imposed. However, as a result of the [Landowners] contemptuous conduct, compensatory damages [are] ordered and awarded to [Township] in the amount of $1968.00, representing counsel fees, survey costs and filing fees (pursuant to this court's July 28, 1993 order).

In response to the court's ruling, the Landowner's filed an appeal to the Commonwealth Court arguing the trial court abused its discretion in awarding compensatory damages against them.

The issue this Court must address is whether the lower courts erred in ordering the Landowners to pay the Township's counsel fees without finding Landowners engaged in dilatory, obdurate or vexatious conduct in the course of the proceedings. Title 42 Pa.C.S. § 2503 empowers courts to require a party to pay another participant's counsel fees under certain enumerated categories. Specifically, if a party's conduct during the pendency of the action is vexatious, obdurate or dilatory, § 2503(7) provides, *inter alia:*

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
* * * *

(7) Any participant who is awarded counsel fees as a sanction against another party for dilatory, obdurate or vexatious conduct during the pendency of a matter.

Landowners contend that their conduct during the pendency of the instant proceeding does not justify an award of counsel fees under 42 Pa.C.S. § 2503. They argue that the July 26, 1979 stipulation was unclear as evidenced by both the trial court's decision to order a new survey and the new surveyor's testimony that he was forced to make several assumptions regarding the boundary lines.[2] On the other hand, the Township argues that the award of attorneys fees

---

2. At the conclusion of the November 9, 1992 contempt hearing, the trial court ordered a survey of Landowners' property to be performed by Mounts Engineering, the cost of which to be incurred by the Township. Following preparation of the survey, the surveyor testified that he could not establish the survey lines directly from the stipulation and, therefore, had to make assumptions to establish the points at the rear of the lot.

was proper notwithstanding the absence of the words "dilatory, obdurate or vexatious."

The Commonwealth Court, relying on *Appeal of Ciaffoni*, 136 Pa.Cmwlth. 645, 584 A.2d 410 (1990)(*Ciaffoni–2*)[3] and 42 Pa.C.S. § 2503(7), found the trial court did not abuse its discretion in awarding counsel fees to the Township. *Township of South Strabane v. Ferdinand W.Piecknick and Dorothy Piecknick, h/w,* 168 Pa.Cmwlth. 627, 651 A.2d 228 (1994).

█ In *Ciaffoni–2*, the Commonwealth Court properly analyzed an appellate court's authority to award counsel fees under Pa.R.A.P. 2744. The case involved Robert Ciaffoni's (Ciaffoni) appeal stemming from a dispute between himself and the Estate of his father, Paul Ciaffoni, (Estate) beginning in 1986. The Commonwealth Court found Ciaffoni's appeal frivolous and remanded the matter to the trial court to determine reasonable counsel fees on appeal pursuant to Pa.R.A.P. 2744. Rule 2744 authorizes an appellate court to award reasonable attorney fees if it is determined that "an appeal is frivolous or taken solely for delay, or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."[4] Further, the Rule provides that an appellate court may remand the case to the trial court to determine the amount of damages authorized by the statute.[5] On appeal, Ciaffoni asserted that the trial court does not have the power pursuant to a Rule 2744 remand to award reimbursement for counsel fees and costs incurred in proceedings to recover counsel fees awarded as a result of his frivolous appeal. The Commonwealth Court held that the trial court had the power on remand to award counsel

3. This case is referred to as *Ciaffoni–2* for purposes of clarity in this opinion to avoid confusion since references at further passages of this opinion refer to a second case with the identical caption, requiring a reference of *Ciaffoni–1* to the second case.

4. An appellate court has no power under any statute or rule to award counsel fees for proceedings below and can only award fees for vexatious or obdurate conduct through a frivolous appeal. *Gossman v. Lower Chanceford Tp. Bd. of Sup'rs,* 503 Pa. 392, 469 A.2d 996 (1983).

5. In *Gossman,* this Court affirmed an appellate court's power to award attorney's fees pursuant to this Rule in a civil action.

fees and that "Rule 2744 envisions that a party be reimbursed for the time spent recovering court awarded counsel fees...." *Id.* at 652, 584 A.2d at 414.

█ In the present action, the Commonwealth Court's reliance upon *Ciaffoni–2* to support the affirmance of the trial court's award of counsel fees is misplaced as *Ciaffoni–2* is clearly distinguishable from the present situation. Here, unlike *Ciaffoni–2*, the legal genesis of the order for payment of counsel fees occurred in the trial court. Also absent from the present action is any appellate court finding that the conduct in question involved a frivolous appeal. Notably, the Commonwealth Court recognized that there was no appeal to even trigger Pa.R.A.P. 2744, yet, the Commonwealth Court still affirmed the trial court's decision to award counsel fees since "the Township incurred unnecessary expenses because Landowners did not comply with the (July 26, 1979) Stipulation...." *Township of South Strabane* at 631, 651 A.2d at 230. Accordingly, since the present action does not involve an appeal, the Commonwealth Court's reliance on *Ciaffoni–2* and Rule 2744 is erroneous.

█ In the instant matter, in addition to incorrectly supporting its decision to affirm the trial court's award of counsel fees on *Ciaffoni–2* and Rule 2744, the Commonwealth Court also misapplied 42 Pa.C.S. § 2503(7).[6] Interestingly, we find that a prior dispute involving Robert Ciaffoni and his father's Estate, *Appeal of Ciaffoni,* 124 Pa.Cmwlth. 407, 556 A.2d 504 (1989), *appeal after remand* 136 Pa.Cmwlth. 645, 584 A.2d 410 (1990) (*Ciaffoni–1*), is dispositive as it involved the proper application of 42 Pa.C.S. 2503(7).

In *Ciaffoni–1*, Robert Ciaffoni appealed an order from the trial court directing him to pay $5,366.00 to the Estate of Paul Ciaffoni in accordance with 42 Pa.C.S. § 2503(7). The trial

6. Generally, if the record supports a court's finding of fact that a party's conduct was dilatory, obdurate or vexatious, an award of counsel fees will not be disturbed in absence of an abuse of discretion. *State Farm Mutual Automobile Ins. Co. v. Allen,* 375 Pa.Super. 319, 544 A.2d 491 (1988); *Brenckle v. Arblaster,* 320 Pa.Super. 87, 466 A.2d 1075 (1983); *In Re Roos' Estate,* 305 Pa.Super. 86, 451 A.2d 255 (1982).

court's award was in response to an unreported decision by the Commonwealth Court (No. 74 T.D.1986, filed June 15, 1987) where the Commonwealth Court specifically found Ciaffoni's conduct during the litigation to be dilatory and vexatious. Based upon that specific finding, the matter was remanded to the trial court for a determination of reasonable fees under § 2503(7). After reviewing the record and transcript before the trial court regarding the initial award of fees, the Commonwealth Court found Ciaffoni "demonstrated little regard for the law" and affirmatively declared Ciaffoni's conduct during the course of the litigation as consistently "dilatory, obdurate and vexatious". *Id.* at 410–411, 556 A.2d at 506.[7]

■ By contrast, in the matter before this Court, the trial court failed to arrive at a precise finding of dilatory, obdurate or vexatious conduct on the part of the Landowners. The trial court simply stated, "as a result of (Landowners') contemptuous conduct, compensatory damages (are) awarded and ordered to the (Township) in the amount of $1968.00, representing counsel fees ..." (Trial Court Opinion, September 6, 1993, at p. 9). Noticeably absent from the trial court's decision is a specific finding of obdurate, vexatious or dilatory conduct as required by 42 Pa.C.S. § 2503(7). Further, there is no indication in the record that Landowners' conduct was based upon anything other than a good faith misunderstanding and interpretation of the original stipulation which was sufficiently obscure to necessitate the trial court to order a new survey.[8]

■ If left standing, the Commonwealth Court's affirmance leaves it to the discretion of the trial court to award counsel fees to the prevailing party in any contempt case. We do not believe the intent of the rule permitting the recovery of counsel fees is to penalize all those who do not prevail in an

7. Additionally, the Court ordered a remand pursuant to Pa.R.A.P. 2744 for a determination of counsel fees as a result of the Court finding that Ciaffoni's conduct during the current appeal was dilatory, obdurate and vexatious. *Id.*

8. The record reveals that the trial court found the language of the July 26, 1979 stipulation sufficiently "nebulous" to require a new survey be conducted to clearly demarcate the boundary lines in question.

action. Thus, the Commonwealth Court's affirmance of the award of attorney fees was improper as it constitutes a clear abuse of discretion. We, therefore, hold that any award of counsel fees pursuant to 42 Pa.C.S. § 2503(7) must be supported by a trial court's specific finding of dilatory, obdurate or vexatious conduct.

Accordingly, the Order of the Commonwealth Court awarding counsel fees to Appellee is reversed.

NIX, former C.J., and NEWMAN, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a dissenting opinion in which CASTILLE J., joins.

ZAPPALA, Justice, dissenting.

I dissent. The majority errs in analyzing the court's Order as an award of attorney's fees within the purview of 42 Pa.C.S. § 2503. Although the Order encompassed the amount that the Township had expended in attorney's fees and costs, it was in fact in the nature of damages, a remedial punishment for the Appellants' contempt of the court's 1979 Order. Cf. Bata v. Central–Penn, National Bank, 448 Pa. 355, 293 A.2d 343 (1972). Simply put, the court found that the Appellants willfully and intentionally violated the 1979 Order, persisted in the violation over the course of nine months during which the court was conducting the contempt proceedings, and corrected the violation only shortly before the final hearing regarding the contempt citation.[1] I find no abuse of discretion in either the contempt finding or the punishment imposed.

1. It should be noted that the 1979 Order was entered by stipulation to resolve litigation concerning the application of the Township's zoning ordinance to a pre-existing non-conforming use. The Township had brought an action to enforce the setback provisions of its ordinance, and the Appellants stipulated that they would conduct their business within certain boundaries, which were consistent with the setback provisions. When the Appellants' junkyard operation exceeded those boundaries, the Township brought this action to have the Appellants held in contempt. Had the Township instead brought an action to enforce the setback provisions, the court would clearly have been

Moreover, even if I were to agree that 42 Pa.C.S. § 2503 is applicable, I would remand to the common pleas court to allow the trial judge the opportunity to analyze the matter according to that statute. The court's failure to characterize the Appellant's conduct as "dilatory, obdurate or vexatious" reflects the fact that the court was not awarding counsel fees "as part of the taxable costs of the matter" under § 2503; it does not indicate if the court would have found the Appellants' conduct to be "dilatory, obdurate or vexatious" had it been applying that statute.[2]

authorized to order the Appellants to pay "all court costs, *including reasonable attorney fees,*" 53 P.S. § 10617.2(a) (emphasis added).

2. The court found the Appellants' conduct to be "willful" and "intentional" and disbelieved their claim that they did not understand the requirements of the 1979 Order.