**BOROUGH OF BEAVER**

v.

**Patrick J. STECKMAN and Casey L. Steckman, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.
Decided April 13, 1999.

Michael F. Fives, Pittsburgh, for appellants.

John Petrush, Beaver, for appellee.

Before SMITH, J., FRIEDMAN, J., and RODGERS, Senior Judge.

SMITH, Judge.

Patrick J. and Casey L. Steckman (the Steckmans) appeal from an order of the Court of Common Pleas of Beaver County of May 8, 1998 that found them in contempt of the trial court's order of April 10, 1995, enjoining them from selling grave markers and monuments at their property in the Borough of Beaver (Borough), and required them to pay $9,592.50 to the Borough for attorney's fees. The Steckmans question whether the trial court erred or abused its discretion in finding them to be in contempt of the April 1995 order when there was no evidence that they acted in willful disobedience or disregard of that order and whether the trial court erred or abused its discretion in imposing attorney's fees sanctions against them.

The Steckmans were interested in purchasing property at 1198 Third Street in the Borough for the purpose of conducting a

retail grave marker business. The property is located in the C–3 Commercial Professional District, in which use as a "retail business" as defined in the zoning ordinance is not permitted, although use for a "business office" is permitted. They submitted an application for a zoning permit, and the Borough issued a permit in February 1993. The Steckmans then purchased the property and began making renovations and repairs. In April 1993, the Borough zoning officer issued a notice of revocation of the permit, stating that it had been issued in error. The Steckmans did not appeal the notice or take any other legal action, but they continued to occupy the premises. Grave markers are manufactured at the Steckmans' other facility in Ellwood City.

On May 7, 1993, the Borough issued a zoning enforcement notice, and on May 10 it filed a complaint in equity seeking injunctive relief. The trial court ultimately concluded that the Steckmans' failure to appeal the revocation notice to the zoning hearing board rendered the revocation final and not subject to collateral attack. On April 10, 1995 it issued an order stating: "Defendants are hereby enjoined from conducting the business of selling monuments and markers on the property located at 1198 Third Street, Beaver, Pennsylvania." The Steckmans appealed from that order, and this Court affirmed, holding that the failure to appeal from a zoning revocation under applicable provisions of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101—11202, bars any claim of a vested right to a permit. *Steckman v. Borough of Beaver* (Pa.Cmwlth., No. 1169 C.D.1995, filed December 21, 1995).

At the hearing before the trial court on the petition for contempt, the Steckmans' counsel in the original litigation, William Buchko, Esq., testified that he invited the Borough's Solicitor, John J. Petrush, Esq., and its Zoning Officer, David L. Hagen, to a meeting with the Steckmans at the subject property on January 3, 1996, to discuss what business they could conduct there in compliance with the zoning ordinance and the court orders. Patrick and Casey Steckman and Buchko testified that at the meeting the Steckmans described to Hagen and Petrush the entire process of a transaction to acquire a grave marker. All three recalled that Petrush and Hagen regarded activities other than receiving payment as not constituting "sales" of grave markers. The Steckmans' Exhibits A and B were the cover sheet and the attachment that Buchko sent to Petrush on February 8, 1996, which was described as proposed language for a zoning application.[1]

Petrush testified that he recalled going over the provisions of the zoning ordinance at the meeting and stating that he thought it permitted use for administrative aspects of the business, such as accounting, billing and payroll but that the Steckman's could not sell, solicit or take orders for grave markers from that location. He recalled receiving a facsimile transmission from Buchko, which he stated he passed on to Hagen as the zoning officer. Neither Buchko nor the Steckmans received any response to that message. Hagen did not testify. The trial court determined that the Steckmans' actions were in violation of the April 1995 order and directed the Steckmans to pay the Borough $9,592.50, which was described as the amount of attorney's fees that the Borough incurred in the original litigation and in connection with the contempt petition proceeding.[2]

1. The Attachment states in pertinent part:

Applicants, in one-half of the street floor of the premises, propose to provide to the public a service of and related to the selection of monuments and grave markers. This will be done through a display of monument samples on the rear of the lot and through catalogues and computer printout examples. No retail sales will be conducted on the premises and no orders for monuments will be taken on the premises. Any sale or orders will be handled at the Ellwood City location of Steckman's

Memorial Studio or through the mail or home visits.

In addition, applicants propose to utilize the premises as a business office for Steckman's Memorial Studio, for purposes of record keeping, accounting, accounts receivable and payable, and related matters.

N.T., December 5, 1997, Defendant's Exhibit B.

2. Appellate review of an order for contempt is limited to determining whether the trial court abused its discretion or committed an error of

The Steckmans first argue that the trial court erred in holding them in contempt, when in their view the evidence shows that they acted in good faith and in reliance upon the representations of the Borough's agents concerning permitted activities. They note that in a civil contempt proceeding the complaining party must prove non-compliance with a court order by a preponderance of the evidence. *C.R. by Dunn v. Travelers,* 426 Pa.Super. 92, 626 A.2d 588 (1993). The Steckmans contend that the testimony of the Borough's witness Catherine Reese, a customer, was consistent with their understanding of what was permitted. Reese testified that she went to the Third Street location in Beaver and selected a marker for her mother's grave; that Casey Steckman provided her with a contract, which she filled out at the Beaver office; and that she informed Casey Steckman that Petrush, who was handling her mother's estate, would send a check. Further, Petrush testified that Buchko opened the January 1996 meeting by stating that his clients wished to comply with the ordinance, and although he agreed that the meeting was lengthy, he stated that he did not recall the Steckmans' reviewing the entire process of a transaction with the officials.

The Steckmans acknowledge that a violation of an order may be inadvertent or in good faith and still give rise to a holding of civil contempt, citing *Thompson v. Johnson,* 410 F.Supp. 633 (E.D.Pa.1976), *aff'd,* 556 F.2d 568 (3d Cir.1977). They note also, however, that any ambiguity or omission in an order claimed to have been violated must be construed in favor of the defendant. *C.R. by Dunn.* Here, although the trial court's original order precluded them "from conducting the business of selling monuments and markers" on the subject premises, the ordinance clearly permitted conducting some aspects of such a business. The Steckmans assert that the Borough failed to prove that they willfully violated the original order.

The Borough responds that it presented evidence of a customer who selected a monument at the Beaver office and signed a contract there, the Steckmans' Yellow Pages advertisement, a group of 95 contracts that

were made at the Beaver office, newspaper advertisements and the testimony of Petrush concerning the January 1996 meeting. The trial court's ruling, the Borough argues, implicitly found a lack of good faith in the Steckmans' continuing business as before with the only difference that the initial payment was not accepted on the premises. The Borough cites *Messmore's Estate,* 293 Pa. 63, 141 A. 724 (1928), and authority from other jurisdictions to emphasize that civil contempt does not depend upon the intent of the party but rather upon the act that has been committed.

The Court notes that the Supreme Court considered a very similar case in *Township of South Strabane v. Piecknick,* 546 Pa. 551, 686 A.2d 1297 (1996). In that case the court of common pleas ordered landowners to pay $1,968 to a township as compensatory damages for violations of previous orders restricting them to operation of a junkyard within the setbacks specified in the zoning ordinance. The amount represented $1,150 for counsel fees, $800 for survey costs and $18 for filing costs. The Supreme Court concluded that Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7), applied to the trial court's order. That Section authorizes payment of a reasonable attorney's fee to "[a]ny participant who is awarded counsel fees as a sanction against another party for dilatory, obdurate or vexatious conduct during the pendency of the matter." The Supreme Court held that the trial court erred in assessing counsel fees where "the trial court failed to arrive at a precise finding of dilatory, obdurate or vexatious conduct on the part of the Landowners," *Township of South Strabane,* 546 Pa. at 559, 686 A.2d at 1301, but stated only that the award was the result of their contumacious conduct. The Supreme Court reversed the award of attorney's fees.

In the present case, the trial court similarly made no precise finding of dilatory, obdurate or vexatious conduct on the part of the Steckmans but rather based its award of attorney's fees solely upon its finding of contempt. Under *Township of South Strabane,*

law. *Weiner v. Lee,* 669 A.2d 424 (Pa.Cmwlth. 1995).

this Court concludes that the award of attorney's fees may not stand in the absence of a finding that the Steckmans committed dilatory, obdurate or vexatious conduct. Despite the reversal in *South Strabane,* where there was no indication that the landowners acted other than in good faith, the Court believes that the better course in this case is to remand the matter for the trial court to decide whether the Steckmans' conduct met the foregoing standard.

 In the alternative, the Steckmans argue that the trial court's award amounted to a punitive sanction for criminal contempt of court and that they were not afforded the procedural protections that accompany a proceeding for criminal contempt. The courts have always been possessed of inherent power to enforce their orders and decrees by imposing sanctions. *Brocker v. Brocker,* 429 Pa. 513, 241 A.2d 336 (1968). If the dominant purpose of the court is remedial, to coerce compliance with the court's previous order and in some cases to compensate the complainant for losses suffered, the contempt proceeding is classified as civil. *Brocker.* If the dominant purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public by punishing the contemnor, the proceeding is for criminal contempt. *Id.* Criminal contempt is a crime, and those accused of indirect criminal contempt, that which is committed outside the presence of the court, are provided with safeguards according to statute and to normal criminal procedures. *Crozer–Chester Medical Center v. Moran,* 522 Pa. 124, 560 A.2d 133 (1989).

■ Here, the trial court acknowledged that the offending conduct had ceased; the Steckmans had moved the sales office. Therefore, the order was not intended to be coercive but rather remedial. If the proceeding were construed to be criminal in nature, the applicable statutory provision

would be Section 4136(a) of the Judicial Code, *as amended,* 42 Pa.C.S. § 4136(a), relating to the rights of persons charged with indirect criminal contempt for violation of a restraining order or injunction. Because the proceedings before the trial court for the reasons discussed were in the nature of civil contempt, the Steckmans were not entitled to the benefit of the criminal contempt procedures provided for in Section 4136(a).[3] Accordingly, the decision of the trial court is vacated, and this case is remanded for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 13th day of April, 1999, the order of the Court of Common Pleas of Beaver County is vacated, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

3. The Steckmans also argue that the trial court erred in assessing attorney's fees incurred by the Borough during the entire course of the underlying litigation as well as those incurred for the contempt petition proceedings. The Borough asserts that this matter was not stated or implied in the statement of matters complained of on appeal that the Steckmans provided to the trial

court and hence was waived. Although the Court has found no decision awarding fees relating to other than the contumacious conduct, that is, the fees incurred in pursuing a petition for contempt, this question need not be decided at this juncture. Upon remand the trial court may wish to reconsider its ruling on this point.