**Robert L. YEAGER and Terry L. Yeager, Husband and Wife, Appellees,**

v.

**Timothy N. KAVIC, Hugo Pfaeffle, M.D. and North Hills Passavant Hospital A Pennsylvania Corporation.**

**Appeal of: Hugo Pfaeffle, M.D.**

Superior Court of Pennsylvania.

Argued Sept. 20, 2000.
Filed Dec. 29, 2000.

---

Andrew G. Thiros, Pittsburgh, for appellant.

John W. Jordan, Pittsburgh, for Kavic, appellee.

Douglas Price, Pittsburgh, for North Hills Passavant Hosp., appellee.

Before POPOVICH, FORD ELLIOTT and BECK, JJ.

BECK, J.:

¶ 1 During the trial of this medical malpractice action, the court declared a mistrial, and ordered that the counsel fees and expenses of plaintiffs-appellees Robert L. Yeager and Terry L. Yeager, and the court's own costs, be paid by defendant-appellant Hugo Pfaeffle, M.D. The total award was $27,799.00. Because we conclude the trial judge abused his discretion, we reverse the court's holding and vacate the order of sanctions.[1]

¶ 2 The Yeagers brought this medical malpractice action to recover for injuries allegedly sustained by Robert Yeager as a result of improper positioning during surgery to remove his gall bladder. The Yeagers claimed that Robert Yeager suffered a long thoracic nerve palsy to his right shoulder due to the negligent conduct of the anesthesiologist, Dr. Pfaeffle, the surgeon, Dr. Timothy Kavic, and North Hills Passavant Hospital. In his defense, Dr. Pfaeffle sought to prove that the palsy was not caused by improper positioning, but rather by a viral infection due to a cold Robert Yeager had at the

---

1. In reviewing a fee grant or denial, we reverse only where the trial court abused its discretion. *U.S. Sugar Co. v. American Sweeteners, Inc.*, 750 A.2d 344 (Pa.Super.2000) (citing *Township of South Strabane v. Piecknick*, 546 Pa. 551, 686 A.2d 1297, 1300 n. 6 (1996)). The reasonableness of an award of attorneys' fees is a matter that rests within the sound discretion of the trial court and will be altered by an appellate court only when there is a clear abuse of discretion. *Shearer v. Moore*, 277 Pa.Super. 70, 419 A.2d 665 (1980).

time of the gall bladder surgery. In support of this defense, Dr. Pfaeffle planned to present the expert testimony of Dr. Steven Chernus, an anesthesiologist.

¶ 3 At the close of plaintiff's case, the trial court sustained the Yeagers' objection regarding certain expert testimony to be proffered by co-defendant Kavic's witness Dr. Daly. The court held that Dr. Daly's proposed opinion that the nerve palsy was not caused by improper positioning, but was instead caused by a syndrome of nerve paralysis occurring after surgery-referred to as idiopathic brachial plexitis-was based on inadequate science, and precluded the testimony. The court ruled that there could be no testimony on syndromes which cause nerve paralysis after surgery.

¶ 4 Dr. Pfaeffle's expert witness, Dr. Chernus, was next to testify. He testified that Yeager's nerve injury was not caused by improper positioning, and that such injuries can occur after surgery in the absence of improper positioning. At this point, there was a sidebar conference during which counsel and the court discussed the fact that Dr. Chernus seemed to be testifying about the precluded causal connection between surgery and nerve palsy. Dr. Pfaeffle's counsel then assured the court he would instruct his witness to refrain from offering such an opinion. The court further stated: "He'll be directed to make no reference to any causal connection between what he thinks Mr. Yeager has and the surgery." Counsel for Dr. Pfaeffle then assured the court that he would discuss the matter with Dr. Chernus, and then reported to the court:

> MR. GARGER (Dr. Pfaeffle's counsel): I asked him if you are asked if there is—do you believe there's any connection whatsoever between this patient's nerve condition and this surgery, what is your answer. I don't believe there's any connection.
>
> THE COURT: Okay.
>
> MR. GARGER: That's what I understood he was to say.

> THE COURT: Good enough.
>
> MR. GARGER: And again, your Honor, I will exercise caution and I will try to speak to him if I can have a minute or two.
>
> THE COURT: We're going to recess to ten after or longer if you need.

¶ 5 As trial proceeded, Dr. Chernus testified that he believed Robert Yeager's injury was due to his cold, and that Dr. Pfaeffle was not negligent in positioning him during surgery. He testified in accordance with the court's instruction that the surgery had nothing to do with the nerve injury. However, during cross-examination, the *Yeagers' counsel* elicited the following testimony from Dr. Chernus:

> MR. COHEN: Alright, then we get to this notion to how a cold causes a nerve injury. What are the chances, Ms. Kirleis [the hospital's counsel] has a cold for example, what's the chance that she's going to end up with a winged scapula because of her cold?
>
> DR. CHERNUS: I have no idea.
>
> MR. COHEN: Can you statistically qualify that for us, the chances that Ms. Kirleis is going to walk out of this court room with a winged scapula because of her cold?
>
> DR. CHERNUS: No I can't, but I can tell you in a series of 131 incidents of long thoracic nerve palsy, *seven followed surgery.*

At this point, appellees moved for a mistrial, and the court granted it. The award of counsel fees followed. Nonetheless, the trial judge made an express finding that counsel for Dr. Pfaeffle did not engage in any misconduct himself.

■ ¶ 6 We acknowledge that the courts possess inherent power to enforce their orders and decrees by imposing penalties and sanctions for failure to comply. *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968); *Travitzky v. Travitzky*, 369 Pa.Super. 65, 534 A.2d 1081, 1084 n. 3 (1987). However, there can be no recov-

ery of counsel fees from the adverse party in the absence of express statutory allowance of the same. *DeFulvio v. Holst*, 239 Pa.Super. 66, 362 A.2d 1098, 1100 (1976).

¶ 7 In making its award in this case, the trial judge relied in part on 42 Pa.C.S. § 2503(7). The statute provides:

**Right of participants[2] to receive counsel fees.**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter ... (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S. § 2503(7) (Purdon 1981). An award of counsel fees pursuant to § 2503(7) must be supported by a trial court's specific finding of dilatory, obdurate or vexatious conduct. *Township of South Strabane v. Piecknick*, 546 Pa. 551, 686 A.2d 1297, 1301 (1996). A finding of "contemptuous conduct" is insufficient to support an award of counsel fees under § 2503(7). *Id.*

¶ 8 In this case, the trial court did not make a specific finding that a participant-party, counsel or witness—had engaged in dilatory, obdurate or vexatious conduct.[3] *Compare Gertz v. Temple University*, 443 Pa.Super. 177, 661 A.2d 13 (1995) (record supported trial court's conclusion that counsel's lack of due diligence in filing untimely post trial motions unnecessarily

delayed the proceedings and caused additional legal work; award of counsel fees under § 2503(7) was proper); *Estate of Liscio*, 432 Pa.Super. 440, 638 A.2d 1019 (1994) (where claim had no reasonable possibility of success, and continued litigation cost estate attorneys' fees, award under § 2503 was proper). Nor was there a finding of bad faith to support an award of counsel fees. *Compare Brenckle v. Arblaster*, 320 Pa.Super. 87, 466 A.2d 1075, 1078 (1983) (if the record supports a finding of fact that there was bad faith conduct, the award of counsel fees will not be disturbed absent an abuse of discretion).

¶ 9 Under these circumstances, we find the trial court abused its discretion in ordering sanctions against appellant Dr. Pfaeffle for the testimony of his witness elicited on cross examination by appellees' own counsel. We reverse the trial court's ruling on this issue and vacate the award.

¶ 10 Reversed. Order granting sanctions vacated. Jurisdiction relinquished.

---

**2.** The term "participant" is defined as "litigants, witnesses and their counsel." 42 Pa. C.S. § 102.

**3.** Even if the witness Dr. Chernus's conduct was sanctionable, appellant should not be held liable for his witness's misconduct. This court has said that "the holding of an individual in contempt for the actions of a third party would appear inappropriate and, therefore, unsupportable unless the individual consciously directed the third party to act as he did and possessed such authority over the third party that he could compel compliance with the directive." *Commonwealth v. Michel*, 361 Pa.Super. 215, 522 A.2d 90, 93

(1987). Even then it would be necessary to find wrongful intent. *Id.* Moreover, we emphasize that the trial judge did not find any misconduct on the part of counsel, who evidently warned the witness regarding the precluded testimony. *Compare American Mut. Liab. Ins. Co. v. Zion & Klein, P.A.*, 339 Pa.Super. 475, 489 A.2d 259 (1985) (even where an attorney alone engages in misconduct, his client may be held liable for the resulting penalties and sanctions because a client is generally liable to a third person injured by an act which the attorney does in execution of matters within the attorney's authority).