J-A26042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| S.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.S. | : | |
| | : | |
| Appellant | : | No. 754 WDA 2018 |

Appeal from the Order April 19, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-15--008183-10

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 29, 2019**

S.S. (Mother) appeals from the order denying her exceptions to the trial court's finding of civil contempt of the court's September 7, 2017 child support order, and imposing sanctions in the form of counsel fees in favor of S.B. (Father).  After careful review, we affirm.

The record reflects that in December 2016, following a 23-day custody trial,[1] the trial court awarded Father sole physical and legal custody of the

_____

[1] Twenty-three days is not a typo.  The record is replete with Mother's penchant for litigation in both the trial and appellate courts, including, but not limited to, issues concerning custody, child support and contempt. ***See***, ***e.g.***, ***S.B. v. S.S.***, --- A.3d ----, 2018 PA Super 354 (Dec. 24, 2018) (rejecting Mother's claim that the trial court's gag order was unconstitutional and affirming the order prohibiting Mother and her attorneys from discussing the facts of the case with members of the news media).

parties' child (Child).[2]  On January 11, 2017, Father filed a complaint for child support against Mother.  The support master held a complex support hearing on June 1, 2017 and July 13, 2017.  On September 7, 2017, the support master issued a summary and recommendation directing Mother to pay $3,273.70 per month plus $327 towards arrearages.  Mother did not file exceptions, nor did she file an appeal.  Accordingly, the recommendation became a final order of court.

Due to Mother's failure to pay child support in accordance with the order, the Allegheny County Domestic Relations Section (Domestic Relations) filed a petition for contempt on November 21, 2017.[3]  **See** Petition for Contempt, 11/21/17, at ¶ 4.  On January 22, 2018, Mother filed a "Defenses and Objections to Petition for Contempt," in which she argued that the petition for contempt was invalid because it was not signed by an attorney of record or party to the action.  Instead, the signature line of the petition read "ENFORCEMENT TEAM."  Father filed an answer and new matter on January 29, 2018, asserting that the petition was valid because the words "ENFORCEMENT TEAM" refer "unambiguously to the enforcement department of the Allegheny County Domestic Relations Section," which is authorized to

---

[2] Father and his first wife, who were married for almost 20 years, adopted Child in 2007.  Father's first wife died in December 2008.  Father and Mother met in May 2012 and married four months later.  Mother adopted Child in 2013.  The parties separated in November 2013.

[3] As of the filing of the petition for contempt, Mother was in arrears $23,988.20.

file a petition for contempt pursuant to Rule 1910.25 of the Pennsylvania Rules of Civil Procedure. Answer and New Matter to Defenses and Objection to Petition for Contempt, 1/29/18, at ¶ 2-3. Moreover, Father's new matter requested that Mother be required to pay her arrearages in a lump sum and that counsel fees be awarded for the preparation and appearance on the petition for contempt. *Id.* at ¶ 31-32.

A contempt hearing was held on January 29, 2018. On February 13, 2018, the hearing officer issued a summary and recommendation finding Mother in civil contempt of the September 7, 2017 support order, and awarding Father $3,000.00 in counsel fees. Mother filed exceptions to the recommendation. On April 19, 2018, the trial court, following a hearing, entered an order adopting the summary and recommendation of the hearing officer. This timely appeal followed.

On appeal, Mother presents the following issues for our review:

1) Did the trial court legally err and abuse its discretion in denying [Mother's] Exceptions to the Hearing Officer Recommendations entered on February 13, 2018, despite the fact that the Petition for Contempt upon which the Recommendations were based was not in conformity with law, as it was brought by "ENFORCEMENT TEAM," an unknown, unidentified entity, and not validly signed or verified per the Pennsylvania Rules of Civil Procedure?

2) Did the trial court legally err and abuse its discretion in failing to dismiss the Hearing Officer's improper award of counsel fees, where there was no evidence presented and no hearing held on whether counsel fees were appropriate, and where the record did not support the stringent requirement that [Mother's] behavior was dilatory, obdurate, or vexatious?

3) Did the trial court legally err and abuse its discretion by failing to dismiss the underlying "Order" for Child Support upon which the Petition for Contempt was allegedly premised where the September 7, 2017, purported order is void and invalid as it was not properly signed and entered by the court, but instead rubber-stamped by someone other than the judge in violation of the Pennsylvania Rules of Civil Procedure?

4) Did the trial court legally err and abuse its discretion in denying [Mother's] Exceptions to the Hearing Officer Recommendations entered on March 2, 2018, despite the fact that the September 7, 2018 [sic] purported order upon which the Petition for Contempt is premised is void and invalid as it was not properly signed and entered by the court, but instead rubber-stamped by someone other than the judge in violation of the Pennsylvania Rules of Civil Procedure?

5) Did the trial court legally err and abuse its discretion in denying [Mother's] motion to declare Pennsylvania Rules of Civil Procedure 1910.12 and 1910.25 unconstitutional, where the provisions allow the Domestic Relations Section to function as prosecutor, fact finder, and adjudicator, and create the appearance of and allow for potential bias by permitted [sic] the impermissible commingling of prosecutorial and adjudicatory functions within the Domestic Relations Section, a fatal defect under the Pennsylvania Constitution?

6) Did the trial court legally err and abuse its discretion in ordering the September 7, 2017, "order" for Child Support to remain in effect where the purported order was not properly signed and entered by the court, in violation of the Pennsylvania Rules of Civil Procedure?

Mother's Brief at 3-4 (trial court's answers omitted).[4]

_____

[4] We note that Mother has failed to comply with the briefing requirements of our Rules of Appellate Procedure. Pennsylvania Rule of Appellate Procedure 2101 states that appellate briefs "shall conform in all material respects with the requirements of these rules," and failure to do so may result in the brief being quashed or dismissed. Pa.R.A.P. 2101. Issues are waived when they are not addressed in conformance with the rules. *Moses Taylor Hospital v.*

In her first issue, Mother asserts that the petition for contempt, signed by the "Enforcement Team," is not a valid pleading and should be dismissed. Mother's Brief at 9-16. Specifically, Mother contends that Pennsylvania Rule of Civil Procedure 1023.1(b) outlines the requirements of a valid pleading, including the requirement that a pleading be signed by an attorney of record or a party to the action. *Id.* at 9; *see also* Pa.R.C.P. 1023.1(b) ("Every pleading, written motion, and other paper directed to the court shall be signed by at least one attorney of record . . . or . . . shall be signed by the party."). Mother suggests that because the petition for contempt was signed by the "Enforcement Team," an "unknown entity not identified in the petition as a party or an attorney of record," it must be dismissed for failure to conform with the requirements of Pa.R.C.P. 1023.1(b). Mother's Brief at 10.

_____

*White*, 799 A.2d 802, 804 (Pa. Super. 2002) (citing *Korn v. Epstein and DeSimone Reporting Group*, 727 A.2d 1130, 1135 (Pa. Super. 1999)).

Here, Mother does not provide argument individually for each issue she sets forth in her Statement of Questions Involved, pursuant to Pa.R.A.P. 2116. Rule 2119 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

> The argument section shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part – in distinctive type or in type distinctively displayed – the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Rather than presenting argument on the six questions listed in the Statement of Questions Involved, Mother asserts four basic claims. Nevertheless, because Mother's organization of her arguments does not hinder our review, we decline to quash or dismiss her appeal.

Mother further alleges that the petition for contempt should be dismissed because the words "Enforcement Team" were typed, rather than signed, on the signature line of the petition. Mother's Brief at 13. In support, Mother cites Pennsylvania Rule of Civil Procedure 1024(c), which provides, *inter alia*, that a pleading verification "shall be made by one or more of the parties filing the pleading." Pa.R.C.P. 1024(c). Mother argues that the typed words, "Enforcement Team" do not qualify as a signature, and thus, the petition should be dismissed.

Mother's claim is specious. Simply put, Pennsylvania Rule of Civil Procedure 1910.25 states that upon a parties' failure to comply with an order of support, "a petition for contempt **shall** be filed by the domestic relations section." Pa.R.C.P. 1910.25 (emphasis added). Here, when Mother failed to pay child support as ordered, the Domestic Relations' enforcement team filed a petition for contempt as mandated by Pa.R.C.P. 1910.25. Accordingly, Mother's claim that a petition for contempt is only valid when it is initiated by an attorney or party to the proceeding is meritless. Moreover, despite Mother's allegation that the Enforcement Team is an "unknown entity not identified in the petition as a party or an attorney of record," Mother's Brief at 10, later in her brief, Mother candidly admits that the petition for contempt was brought by Domestic Relations. **See** Mother's Brief at 13 ("since the Allegheny County Domestic Relations Section brought the Petition for Contempt. . ."). Therefore, Mother's claim that the petition for contempt was signed by an "unknown entity" is disingenuous at best.

Likewise, Mother's assertion that the petition for contempt should be dismissed because the signature line contained the typed words "Enforcement Team," rather than a signature, is baseless. Pennsylvania Rule of Civil Procedure 76 defines what constitutes a signature, in relevant part, as follows: "when used in reference to documents produced by a court of the Unified Judicial System, a handwritten signature, a copy of a handwritten signature, **a computer generated signature or a signature created, transmitted, received, or stored by electronic means**, by the signer or by someone with the signer's authorization unless otherwise provided in these rules[.]" Pa.R.C.P. 76 (emphasis added). Further, our legislature has taken steps to update our legal system by enacting Act 69 of 1999, the Electronic Transaction Act, which provides for the use and legal recognition of electronic signatures and records. Indeed, per the Electronic Transaction Act, "[i]f a law requires a signature, an electronic signature satisfies the law." 73 P.S. § 2260.303(d). Thus, Domestic Relations' use of an electronic signature on the petition for contempt was proper.

In her second issue, Mother asserts that the trial court erred when it denied her exceptions to the hearing officer's award of counsel fees at the contempt hearing. On appeal from an order holding a party in contempt of court, our scope of review is very narrow, and we place great reliance on the court's discretion. **Gary v. Peters**, 773 A.2d 183, 189 (Pa. Super. 2001). "The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason." **Harcar v. Harcar**, 982 A.2d 1230,

1234 (Pa. Super. 2009). "Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute." *Habjan v. Habjan*, 73 A.3d 630, 637 (Pa. Super. 2013). Absent an error of law or an abuse of discretion, we will not disrupt a finding of civil contempt if the record supports the court's findings. *Mrozek v. James*, 780 A.2d 670, 673 (Pa. Super. 2001).

"In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order." *MacDougall v. MacDougall*, 49 A.3d 890, 892 (Pa. Super. 2012). "[A] mere showing of noncompliance with a court order, or even misconduct, is never sufficient alone to prove civil contempt." *Habjan*, 73 A.3d at 637. "To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent." *Id.*

Initially, we note that an award of counsel fees under 42 Pa.C.S.A. § 2503 is distinct from a finding of contempt that might include sanctions in the form of counsel fees. *Wood v. Geisenhemer-Shaulis*, 827 A.2d 1204, 1207 (Pa. Super. 2003). Section 2503 provides as follows:

§ 2503. Right of participants to receive counsel fees

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

\* \* \*

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

42 Pa.C.S.A. § 2503.

"[I]n considering a motion to award counsel fees under section 2503, an evidentiary hearing is generally required." **Wood**, 827 A.2d at 1207. In this context, "any award of counsel fees pursuant to 42 Pa.C.S.A. § 2503(7) must be supported by a trial court's specific finding of dilatory, obdurate or vexatious conduct." **Township of South Strabane v. Piecknick**, 686 A.2d 1297, 1301 (Pa. 1996). The trial court does not have discretion to award counsel fees to the prevailing party in any contempt case absent record support for these specific findings. **Id.**

With respect to civil contempt, "[i]t is axiomatic that courts have always possessed the inherent power to enforce their orders and decrees by imposing sanctions for failure to comply with said orders." **Rouse Philadelphia Inc. v. Ad Hoc '78**, 417 A.2d 1248, 1257 (Pa. Super. 1979) (citations omitted).

The objective of a civil contempt proceeding is remedial and judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances to compensate the complainant for loss sustained. In civil contempt cases, the complaining party has the burden of proving non-compliance with the court order by a preponderance of the evidence. To be punished for civil contempt, a party must have violated a court order. The order that forms the basis for the

contempt process in civil proceedings must be definitely and strictly construed. Any ambiguity or omission in the order forming the basis for the civil contempt proceeding must be construed in favor of the defendant. Where the order is contradictory or the specific terms of the order have not been violated, there is no contempt.

*C.R. by Dunn v. Travelers*, 626 A.2d 588, 592 (Pa. Super. 1993) (citations omitted).

After finding civil contempt, a court may impose sanctions.

Attorneys' fees and other disbursements necessitated by the contemnor's noncompliance may be recovered by the aggrieved party in a civil contempt case. Because an award of counsel fees is intended to reimburse an innocent litigant for expenses made necessary by the conduct of an opponent, it is coercive and compensatory, and not punitive. Counsel fees are a proper element of a civil contempt order. In reviewing a grant of attorney's fees, we will not disturb the decision below absent a clear abuse of discretion.

*Mrozek*, 780 A.2d at 674 (citations omitted).

Mother argues that the hearing officer failed to conduct an evidentiary hearing on the issue of counsel fees as required by 42 Pa.C.S.A. § 2503. Moreover, Mother suggests that "the record does not support the stringent requirement that [Mother's] behavior was dilatory, obdurate, or vexatious." Mother's Brief at 17. Rather, Mother contends that she "has raised legitimate defenses and has exercised her right to respond to a Petition for Contempt, for which she is guaranteed due process." *Id.* Mother submits that counsel fees should not be awarded as a punishment to those who seek to "develop novel theories in the law." *Id.*

In response to Mother's complaints, the trial court reasoned:

- 10 -

> [In January] 2018 at a hearing on [Father's] Petition for Contempt and Special Relief, [Mother's] Answer and New Matter, and [Mother's] Motion or Recusal, Mother stated that she made three (3) payments of $1,500 each, which were returned. Mother made out the checks in the name of the child, which is contrary to the instructions provided to her which state that all checks should be made payable to PA. SCDU. It should be noted, that none of these checks was for the court-ordered amount of $3,273.70. Accordingly, I found that Mother's conduct to be both obdurate and vexatious. Mother is a highly educated woman who can certainly follow simple instructions as to whom the checks for child support should be made payable.
>
> At the [ ] hearing, Mother, through counsel stated that she had not complied with the child support order, and contended that the order is not a valid order, because [the trial court's] signature is stamped on the order. [The trial court] found this argument to be absurd and wholly without merit. . . .

Trial Court Amended Opinion, 7/10/18, at 3 (numbered paragraphs omitted).

The record supports the court's decision to award Father counsel fees sustained as a result of Mother's contempt of the court's September 7, 2017 order. At the hearing on Father's petition for contempt, Mother freely admitted that she failed to comply with the trial court's order for child support. Mother either refused to make any payments whatsoever or wrote checks made payable to the wrong person and in the wrong amount. Due to Mother's blatant noncompliance with the order for child support, Father incurred counsel fees. The trial court, upon determining that Mother was in civil contempt of court, properly awarded Father counsel fees in its attempt to reimburse Father for Mother's conduct. *See Mrozek*, 780 A.2d at 674. The trial court clearly acted within its discretion in making this award.

We next address Mother's third and fourth issues. In her third issue, Mother argues that the September 7, 2017 support order was "<u>not</u> properly signed and entered by the <u>court</u>, as mandated by Rule 1910.12. The purported order was, by Judge Clark's own admission, only rubber-stamped with a judge's name by a hearing officer, or some other unknown non-judicial entity, in violation of the Pennsylvania Rules of Civil Procedure." Mother's Brief at 21 (underlining in original). Mother contends that the rubber-stamped signature "is not a judicial signature reflecting any kind of judicial determination," *id.*, and that a "live signature" is necessary to assure that the court has "reviewed or at least seen" the order, as required by the Pennsylvania Rules of Civil Procedure. *Id.* at 23.

In her fourth issue, Mother challenges the constitutionality of Rules 1910.12[5] and 1910.25[6] of the Pennsylvania Rules of Civil Procedure. Mother

---

[5] Pennsylvania Rule of Civil Procedure 1910.12 provides, in relevant part, that in actions for support "[t]he hearing officer shall receive evidence, hear argument and, not later than 20 days after the close of the record, file with the court a report containing a recommendation with respect to the entry of an order of support." Pa.R.C.P. 1910.12(d).

[6] Rule 1910.25 of the Pennsylvania Rules of Civil Procedure states:

(a) Upon failure to comply with an order of support, a petition for civil contempt

\* \* \*

2) shall be filed by the domestic relations section

contends that, in reading the two rules together, Domestic Relations acts as both adjudicator and prosecutor – an entity who receives evidence, hears argument, makes recommendations, and fashions interim orders – and then is mandated to file a contempt petition when an order of support has allegedly been violated. Mother argues that this dual role violates her right to due process.

Mother's contentions, which at their essence assail the validity of the September 7, 2017 child support order, are beyond our jurisdictional mandate. Pennsylvania Rule of Appellate Procedure 903 requires that a party file an appeal "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As the 30-day period is jurisdictional in nature, it must be strictly construed. *Sass v. AmTrust Bank*, 74 A.3d 1054, 1063 (Pa. Super. 2013) ("Our Courts have reaffirmed on countless occasions that timeliness is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case.").

---

    i. immediately upon the accrual of arrearages in any amount for fifteen days where it is known at the outset that income cannot be attached; or

    ii. immediately upon learning that an order for income withholding pursuant to Rule 1910.21 has been ineffective, or within twenty days of failure to comply with the order of support, whichever is earlier.

Pa.R.C.P. 1910.25(a).

- 13 -

Here, the child support order Mother challenges was entered on September 7, 2017. Pursuant to Pa.R.A.P. 1910.12(f), Mother had 20 days from the entry of the order to file exceptions. Mother did not do so. Thus, the order became final on September 27, 2017. Mother then had 30 days, or until October 27, 2017, to file a notice of appeal. As Mother is challenging this order now, more than a year after the order became final, her contentions are untimely. We thus lack jurisdiction to address Mother's third and fourth issues in this appeal.

Accordingly, and consistent with the foregoing discussion, we affirm the April 19, 2018 order finding Mother in civil contempt and imposing sanctions in the form of counsel fees in favor of Father.

Order affirmed.[7]

---

[7] In conclusion, we are compelled to expressly acknowledge the actions of Mother's counsel, through countless filings, which, in an effort to circumvent and undermine the court's authority and invalidate its orders, have consumed the time and resources of Father, his counsel, the judiciary and court administration. We caution that Pennsylvania Rule of Professional Conduct 3.1 states that counsel "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ." Pa.R.P.C. 3.1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2019